FILED
CLERK, U.S. DISTRICT COURT
MAY - 1 2025
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY

**Gregory Langadinos J.D. M.P.A.**
**P.O. BOX 883**
**Redondo Beach, CA 90277**
**(949) 844-0250**
**glangadinos@yahoo.com**

FEE PAID

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION**

**GREGOY LANGADINOS,**
**PLAINTIFF,**

**V.**

**CITY OF CORONA; and CHOICE HOTELS INTERNATIONAL INC.; PALADIN EQUITY CAPITAL LLC., FOOTHILL EXTENDED STAY MANAGEMENT LLC, DOING BUSINESS AS EVERHOME CORONA; PHILIP POWERS, HOTEL MANAGEMENT AND CONSULTING HMC; AND SHAIN WASSEER in her official capacity as attorney for CHOICE HOTELS and in her individual capacity AND DOES 1-20,**
**DEFENDANTS**

CASE No: ED CV 25 - 01064-ODW(SHKx)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. COMPLAINT

1.. This civil action is brought by plaintiff, tenant Gregory Langadinos through his Attorneys primarily arising out of and related to a tenancy in which plaintiff resided within the Everhome Corona Hotel owned and operated by defendant Choice Hotels International for egregious and discriminatory violations of the Fair Housing Act of 1968, under § 3604(b) for illegally locking plaintiff out of rental unit, and causing and failure to remedy discriminatory harassment by the City of Corona for reporting Federal and State Tax Code and charging plaintiff and other tenants Hotel taxes after residing in long term extended stay hotel for more than 30 days.

2. In addition, plaintiff brings this suit for money damages and injunctive relief under 42 U.S.C. § 1982, which has its origin in § 1 of the Civil Rights Act of 1866, prohibiting racial discrimination in the rental of real property, as well as 42 U.S.C. § 1981,which also derived

from the Civil Rights Act of 1866, guaranteeing all persons the same right to make and enforce contracts as is enjoyed by white persons. Section § 1981, and § 1982 provide a remedy against private and public racial discrimination based upon sex, national origin, religion, familial status, or handicapped condition.

3. Plaintiff Gregory Langadinos brings this suit against defendants City of CORONA, and hotel franchisors **Choice Hotels International franchisors Choice Hotels International, Inc**. and directly against defendant franchisee **hotels**, FOOTHILL HOTEL MANAGEMENT CO. INC., as well as defendant Hotel Management and Consulting (HMC) the hotels management company (collectively, the franchisee **hotels**), for willful violations of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).,** and civil conspiracy. for negligence, premises liability Illegal lockout, Self Help Eviction, violation of the CA Consumer Legal Remedies Act, breach of contract, Intentional infliction of Emotional Distress, and numerous other CA torts and breach of contract actions by the actions of their employees and officials.

**4.** In this action against defendant Choice Hotel franchisor arising from personal injuries, mental anguish, and loss of rented apartment that resulted from an altercation between the defendant HMC staff conspiring with Corona Police Officer to evict and illegally lockout plaintiff from his rented apartment within defendant long term extended stay hotel, the defendant Choice Hotel's franchisor's negligence in failing to train, an educate its franchisee on the protected of Hotel Guests that become lawful tenants after 30 days in California, and failure of hotel to provide adequate security to protect the tenant Langadinos from violent hotel staff warrants a finding of liability against defendant Choice Hotels as well as defendant hotel owners Foothill Hotel Management LLC, and defendant hotel management consulting company defendant HMC.

**5.** Based on information and belief, and written publications defendant Choice Hotels in the franchise and licensing agreement, the defendant Choice Hotels, franchisor retained the right to control the operation and security of the franchisee Everhome Corona, and defendant Foothill and the franchisor required its franchisee to follow procedures in the agreement and an operation manual that neither the franchisee or management company officials and employees ever followed.

**6.** The managers of the franchisees were never required to provide security to enforce a smoking ban or protect tenant Langadinos from wrongful expulsion and eviction by the Corona Police or attend a training class discussing issues of security. The franchisor published a loss prevention manual for all franchisees concerning guard programs and services, coordination with local police, and security coverage. The franchisor retained the right to inspect the premises several times a year to ensure that the franchisee was complying with the agreement.

**7.** The plaintiff filed formal grievances with defendant City of Corona licensing division to report drug use, within rented Hotel residence, and defendant Choice franchisor retaliated against plaintiff by forcibly locking him out of rented premises. Although the franchisor claimed it had no knowledge of previous drug use, and the franchisor retained operational control over the franchisee through the license agreement and could not escape liability by simply failing to keep abreast of its assumed duties.

**8.** This lawsuit is further premised upon against the City of Corona, and three named hotel corporations, acting in concert, and engaged in state action and conspiring to and actually forcibly wrongfully removing lawful tenant from his rented apartment within long term extended stay hotel; failure to renew his hotel key, and illegal lockout and removal of plaintiff a lawful tenant from his rented king suite he was residing within for 104 days with status as a

lawful tenant in violation of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).** **See Exhibit "1."**

**9.** Despite **California Attorney General Robert Bonta's July 13, 2022 "Information Bulletin" No.: 2022-DLE-05 entitled "Protecting Tenants Against Unlawful Lockouts and other "Self Help Evictions";** the three (3) named defendant Hotel chains, owners, and management company all conspired with the defendant City of Corona City Manager to wrongfully remove and eject the disabled tenant Langadinos, for engaging in four separate protected acts outlined below, including criminal tax evasions by defendant Choice Hotels, defendant Foothill Hotel Management Inc., and defendant hotel management company HMC.

**10.** All of the named defendant willfully and intentionally violated Civil Code 789.3 prohibiting a landlord from locking a tenant out of his rented Unit including Hotel Room tenant was residing for over 30 days, changing the locks moving the tenants' belongings into the street or trash in order to force a tenant out. California landlords who do so are liable for a penalty of $ 100 to $ 1000 dollars per day that the violation continues plus tenants' actual damages.

**11.** All the named Hotel defendants willfully violated CA Civil Code Sections §§ 484, and 518 of the Penal Code because they all conspired with one another to influence the tenant to vacate by locking the plaintiff out of his rented Unit when they had a legal duty to unlock his front door and renew his keys so he can gain entry and access to his rented Unit. **See Exhibit "1."**

**12.** On Thursday November 27, 2023, after plaintiff resided in his rented Hotel King Suite the defendant Hotel Management Inc., (hereinafter "HMC" or "defendant "HMC") refused to renew plaintiff's digital keys to gain entry and access into his rented Unit.

**13.** Plaintiff called the Corona Police who conspired with the defendant Hotel defendant and refused to demand that Hotel staff renew plaintiff's keys to allow access to plaintiff to re-enter his rented Unit. These actions by hotel staff and Police amount to criminal illegal lockout in violation of numerous California State statutes cited below including.

## II. JURISDICTION AND VENUE

**14.**. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. § 1981 § 1982, § 1985(3); 42 U.S.C. § 3604(b).

Venue is proper under 28 U.S.C. § 1391(b) because conduct giving rise to the United States' allegations occurred in the Central District of California, and Defendants are located in the Central District of California. The facts of this lawsuit, and damages suffered by plaintiff, exceed the $ 75,000 Diversity Jurisdiction perimeter subject matter jurisdiction threshold. This Court has long arm personal jurisdiction over the two out of state defendants Choice Hotels International (d/b/a/ Everhome Corona), (Maryland Corporation); as well as defendant Hotel Management and Consulting Inc. (HMC) incorporated in the State of Kansas, because both defendants do business in California and have "minimum contacts" within the State of California.

**15.** General jurisdiction and Venue is present here in this United States District Court in Riverside County Superior Court Unlimited Jurisdiction section because the defendant's activities in **California** are "substantial, continuous and systematic." (*Perkins v. Benguet Consolidated Mining Co.* (1952) 342 U.S. 437, 446-447; *Sonora Diamond Corp. v. Sup. Ct.* (2000) 83 Cal.App.4th 523, 536.)

**16.** Venue over this lawsuit and controversy is proper in Riverside County, California because all the defendants committed themselves to a contract in **California** to rent and offer housing to plaintiff within the City of Corona, within Riverside County California and plaintiff

was severely harmed and damaged and suffered personal injuries in his rented apartment located at 1961 Foothill Parkway Corona, CA 92881, where the plaintiff resided.

## III. PARTIES

17. **The plaintiff, Gregory Langadinos**, currently resides in the City of Los Angels, California.

18. **City of Corona is a municipal corporation** located in the County of Riverside, California, which is in the Central District of California. The City of Corona is governed by a five-member City Council and a City Manager whom the City Council appoints.

19. **Defendant CHOICE Hotels International Inc** is incorporated in the State of Maryland, and the current physical address of 1 Choice Hotels Circle Suite 400 Rockville, MD 20850.

20. **Defendant PALADIN EQUITY CAPITAL LLC,** is the investment firm physically located at 633 West 5th Street 28th Floor Los Angeles, CA 90071; which funded, managed and building and managing the defendant Foothill Extended Stay Management LLC, incorporated ., d/b/a/ Everhome Corona through licensing agreements with defendant Franchisor Choice Hotels International, which plaintiff Langadinos rented an apartment as a tenant and was severely damaged, illegally evicted, locked out and suffered personal injuries by the malfeasance of all defendants.

21. **Defendant FOOTHILL Extended Stay Management LLC, incorporated ., d/b/a/ Everhome Corona** in the State of Delaware, and is a limited liability company whose business address is 1267 Willis Street Suite 200 Redding CA 96001, with a business address for Everhome Corona of 1961 W FOOTHILL PKWY, CORONA, CA 92881-4103.

22. **Defendant PHILIP POWERS** is the owner of defendant, **Foothill Extended Stay**

**Management LLC, incorporated ., d/b/a/ Everhome Corona** and is also the **Chief Executive Officer at Sun Capital Hermosa Beach**, California, and the Registered Agent for defendant Paladin Equity Capital Inc., who is located at 714 First Place Hermosa Beach CA 90254

**23. Defendant HOTEL MANAGEMENT AND CONSULTING (HMC);** is a hotel management company incorporated in the State of Kansas with address of David Martin – Chief Executive Officer 7200 W. 132nd St. Suite 220, Overland Park, KS 66213; and the Resident Agent is is Mr. David Martin's Wife Mrs. CHERIE D MARTIN MRS **Registered Office:** 15212 Perry Street, OVERLAND PARK, KS 66221. Defendant HMC was the management company for the defendant **FOOTHILL Extended Stay Management LLC, incorporated d/b/a/ Everhome Corona** with a licensing agreement with defendant Choice Hotels whose building was constructed and financed by defendant **PALADIN EQUITY CAPITAL LLC.**

**24. Defendant Shain Wasser resides in the City of Sherman Oaks.**

**25.** All of the defendant franchise employees of **Defendant Foothill Extended Stay Management LLC, incorporated ., d/b/a/ Everhome Corona** and Hotel Management and Consulting including defendant Paladin Equity Capital LLC are individually liable as well as vicariously, liable for the breach of the defendant Choice Hotel's franchisor licensing agreement which establishes that there is apparent agency such that defendant Choice franchisor and Paladin Equity, defendant Foothill, and HMC, are all liable for damages suffered by the plaintiff for illegally evicting and locking plaintiff out of his rented apartment when franchisee's employees, officials, and managers ongoing legal relationships, and presence of franchisor's name and logo on employment documents, and web site intertwines liability because all of the defendants acted in concert. See Restatement (Second) of Agency § 267.

D.L.S. v. Maybin, 121 P.3d 1210 (Wash. Ct. App. Div. 1 2005); West's Key Number Digest, Principal and Agent 23(1)

## IV. FACTUAL ALLEGATIONS

**A. The City of Corona with substantial support from the City Manager—had an unwritten policy of permitting wrongful and illegal expulsion and eviction of tenant Langadinos and engaged in harassing and burdensome behavior toward plaintiff which interfered with plaintiff's right to quiet enjoyment and peace within his rental unit in violation of 42 U.S.C. § 3604(a).**

-

### A. RACIST BEHAVIOR OF GENERAL MANAGER TIFFANY FUNCHES AND CITY OF CORONA AMERICANS WITH DISABITIES ACT COORDINATOR, IN VIOLATION OF 42 U.S.C. § 3604(a) and (f)(1)

**26.** The plaintiff, Gregory Langadinos moved into a Choice Brand Hotel known as Everhome Corona in Corona, California on Friday January 13, 2023, and lived consecutively in the same Rented Unit until May 3, 2023 (110 consecutive days). After 30 days of residing in a long-term extended stay Hotel, the plaintiff Hotel guests are automatically obtaining the status as lawful tenants, and defendant Choice and City of Corona, were required to exempt hotel taxes, which plaintiff was wrongfully expelled for acting a Whistleblower after he was taxed more than 30 days after becoming a lawful tenant.

**27.** Plaintiff had made a contract with the defendant Hotel Management and Consulting General Manager Tiffany Funches to reside in his rented unit for two and half years, and this written agreement was in writing.

**25.** After residing in his rented unit for over 30 days, on or about February 14, 2023, the Plaintiff wrote a formal letter to defendant HMC staff which operate and manage the defendant Choice Hotel; d/b/a/ Everhome Corona to seek exemption from further taxes being charged in furtherance of written agreement that plaintiff would reside here for two and half years.

**26.** In violation of Section 3604(a) as well as (f)(1) of the Fair Housing Act of 1968, as well as in violation of 42 U.S.C. § 1981, and § 1982, the White Caucasian plaintiff who suffered disabilities, known to defendant hotel staff, including Prostate Cancer and Obstructive sleep apnea, was subjected to vicious harassment based on race, and disability, and mistreatment including using different provisions in lease and contract by failing to process Exemption of taxes, as defendants permitted for other long term guests in violation of the Federal Internal Revenues Tax Code, and State of California's Franchise Tax Board statutes and regulations.

**B. <u>SECOND ACT OF PROTECTIVE ACTIVITY BY PLAINTIFF (REPORTING SECONDHAND SMOKE), DRUG USE, AND PROSTITUTION ACTIVITY BY CHOICE HOTEL MANAGER TIFFANY FUCHES</u>**

**28.** Mr. Langadinos suffered from breathing secondhand tobacco and marijuana smoke entering his apartment, who sought medical attention on or about March 3, 2023.

**29.** When plaintiff reported the illegal and criminal acts of other hotel guests and tenants smoking marijuana throughout the hotel facility including the hallways, which caused plaintiff to breathe secondhand smoke, the General Manager at the time, Ms. Tiffany Funches, threatened to evict tenant, and plant illegal items in his room and call the Police to fabricate and conjure up false accusations to wrongful expel the plaintiff.

**30.** Plaintiff cited the City of Corona smoking ban, but hotel staff employed for defendant HMC which manages the defendant Choice Hotel franchisor stated, "our General manager Tiffany Funches, smokes marijuana herself when she is on break, (and comes into work high all the time); and refuses to enforce smoking ban, because she herself smokes marijuana upon the hotel property[1]."

**C. <u>THIRD CLAIM OF PROTECTIVE ACTIVITY (FAILURE OF HOTEL TO EXEMPT TAXES OF HOTEL GUESTS WHO BECAME TENANTS AFTER 30 DAYS)</u>**

**31.** Mr. Langadinos also filed a claim for a refund of taxes paid after 30 days, which was noted on his itinerary thereby further evidence that the plaintiff was a lawful tenant after 30 days.

**32.** Plaintiff wrote formal demand requesting waiver of transient tax moving forward after 30 days, and a refund for taxes he paid in the first 30 days.

**33.** The defendant HMC, provided plaintiff an Itinerary acknowledging "Tax Refunds" on 2/16/23 and acknowledging City Tax Refund there making plaintiff a lawful tenant under California law, who cannot be evicted without a court judgment and a writ of possession See **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418). <u>See Exhibit "1."</u>**

## D. <u>FOURTH ACT OF PROTECTIVE ACTIVITY—REPORTING TAX EVASION AND FAILURE TO REPORT TAXES TO CITY MANAGER DEFENDANT</u>

**34.** Plaintiff Langadinos sent formal emails to the City of Corona City Manager to report on the Choice Hotel's brand defendant Hotel Everhome Suites for failure to pay taxes to City of Corona tax authorities in violation of the City of Corona Municipal Transient Tax laws.

**35.** The defendant City of Corona Business Manger never responded to plaintiff's emails, or ever returned his phone calls, or opened an investigation into the criminal actions of the Choice Hotel's and defendant Hotel Management Inc., failure to abide by Municipal tax laws with respect to both Secondhand Smoke and payment of transient taxes by hotel guests who resided in defendant Everhome Suites more than 30 days such as plaintiff Langadinos.

**36.** The defendant General Manager whose own staff referred to her as a "**Tiffany the tweaker**" "**and often experienced violent/aggressive highs**" again called the plaintiff threatening to evict plaintiff, and remove him from his rented apartment, as well as to call

Police and fabricate false stories about plaintiff—all of which defendant HMC General Manager actually did, warranting punitive damages and treble damages, and sanctions for despicable and notoriously disgraceful abusive actions towards the plaintiff in retaliation for his Whistleblower activity.

37. Defendant Choice Hotel officials—with the City's knowledge and assent—enforced a secret unwritten rule and custom of treating outsiders in a harsh and arbitrary manner with the intent and effect of disproportionately evicting renters, as well as renters using discriminatory conduct which resulted in particularly harsh consequences for because of plaintiff disability of prostate cancer, and all the defendants discriminated against plaintiff based on race and national origin discriminatory animus.

**E. FIFTH ACT OF PROTECTIVE ACTIVITY PLAINTIFF SENT 30 DAYS STATUTORY DEMAND CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CA CIVIL CODE 1750-1785 UPON DEFENDANT HOTEL MANAGEMENT INC, WHICH CEO DAVID MACDONALD ACKNOWLEDGED BY EMAILING BACK PLAINTIFF AND WRITING "What is this Guy talking about."**

**38.** On March 13, 2023, plaintiff sent a formal written demand for compensation to defendant Hotel Manag Inc., seeking compensation for personal injury he suffered including secondhand smoke, severe emotional distress, anxiety, and exacerbation of mental anguish of mind plaintiff experienced while he awaited surgery for Prostate Cancer.

***39.*** Defendant David Martin in his official capacity as CEO for defendant HMC, acknowledged the 30-day statutory demand that plaintiff send to the Human Resources director Jennifer Young by emailing others that plaintiff copied on his email containing the 30-day statutory demand and writing ***"what is this guy talking about."***

**40.** The plaintiff engaged in all the above outlined acts of protected activity during the months of February, March, and April of 2023. On April 4, 2023, defendant HMC's General Manager called the Corona Police on plaintiff and fabricated an entirely false story that plaintiff threatened her even though plaintiff emailed defendant HMC headquarters demanding she cease and desist from speaking to plaintiff.

**41.** The City of Corona Police expressly wrote in their Police Report that Plaintiff was a lawful tenant after 30 days, and therefore refused to remove the plaintiff, and defendant Corona Police stated to plaintiff "we do not believe the General Manager Tiffany Funches" and "she is not credible."

**COUNT ONE**
**VIOLATION OF FAIR HOUSING ACT; 42 U.S.C. 3604(a); "ENCOURGING, ASSISTING" LANDLORD BY USING FORCE AND ENTERING PLAINTIFF'S RENTED UNIT WITHOUT HIS CONSENT OF TENANT IN LAWFUL POSSESSION**

-

42. The plaintiff restates and realleges all above paragraphs with the same force and affect.

43. On Monday April 4, 2023, two young untrained Corona Police Officers came to plaintiff's front door of his residence of room # 333 and began knocking very loudly and in violation of CA Penal Code 605.2 entered the plaintiff's rented unit and began searching his apartment and threatening him with arrest unless he moved out of his rented unit.

44. The plaintiff knowing that the Corona Police Officers were young and untrained asked for a Superior Officers to come to plaintiff's unit.

45. The three hotel defendants conspired with the Corona Police to wrongfully lock out and expel the plaintiff Gregory Langadinos without the use of the civil process or

46. The defendant Corona Police Officer's Grier and others Falsely imprisoned the plaintiff within his rented apartment and used unreasonable threats of arrest and conducted a search of

plaintiff's rented apartment for which plaintiff was in lawful possession of by using forcible entry and detaining plaintiff in violation of (Cal. Civ. Code §§ 1159, 1160),

47. The defendant Choice/Everhome Corona, HMC, and Foothill Management owner of hotel company conspired with the Corona Police to wrongfully evict, and engage in retaliatory eviction acts in violation of (Cal. Civ. Code § 1942.5(h)),.

48. All of the named defendants engaged in illegal trespass, conversion, and violations and invasions of plaintiff' privacy, as well as an **illegal lockout** and interruption of utility services on April 27. 2023, in violation of (Cal. Civ. Code § 789.3), and breached the covenant of quiet enjoyment, breach of covenant of habitability against plaintiff.

49. All of the named defendants were required to following the defendant Choice Franchisor's procedures protecting hotel guests that become tenants after 30 days, and to prevent willful violations of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).,** and civil conspiracy, and willful violations of the CA Consumer Legal Remedies Act.

## COUNT TWO
## 42 U.S.C. § 1985 (3) CIVIL CONSPIRACY BETWEEN CITY OF CORONA OFFICIALS AND EVERHOME SUITES CHOICE HOTELSTHREE HOTEL DEFENDANTS TO LOCKOUT AND REMOVE TENANT FROM RENTED APARTMENT ;(all defendants)

50. The plaintiff restates and realleges all the above paragraphs with the same force and affect.

51. Defendants and each of them having knowingly and willfully conspired and agreed among themselves to orchestrate, plan, and perpetuate, sought to and did succeed to enforce and actually enforce an array of illicit and illegal scheme devasting the peace and enjoyment of the plaintiff's living conditions and quiet enjoyment of his rented apartment that were illegal

and in violation of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).,** in an effort to cheat the plaintiff from living in his rented home.

52. Defendant HMC officials, and defendant Choice/Everhome and Foothill Management officials, and each of them furthered the conspiracy by encouraging corrupt members of the Corona Police including Officers Grier and his partner and adopted and ratified and adopted abusive acts of Police misconduct to wrongfully expel the plaintiff from his rented apartment without proper legal process.

53 Defendants and each of them did the things herein alleged maliciously and oppressed Plaintiff. The plaintiff is therefore entitled to exemplary damages, and punitive damages in the sum of FIFTEEN MILLION DOLLARS; $ 15,000,000.

## COUNT THREE
## UNLAWFUL LOCKOUT IN VIOLATION OF California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418); (all defendants)

**54.** The plaintiff restates and realleges all the above paragraphs with the same force and affect.

**55.** The three hotel defendants conspired with the Corona Police to wrongfully lock out and expel the plaintiff Gregory Langadinos without the use of the civil process or

**56.** The defendant Corona Police Officer's Grier and others falsely imprisoned the plaintiff within his rented apartment and used unreasonable threats of arrest and conducted a search of plaintiff's rented apartment for which plaintiff was in lawful possession of by using forcible entry and detaining plaintiff in violation of (Cal. Civ. Code §§ 1159, 1160),

**57.** The defendant Choice/Everhome Corona, HMC, and Foothill Management owner of hotel company conspired with the Corona Police to wrongfully evict, and engage in retaliatory eviction acts in violation of (Cal. Civ. Code § 1942.5(h)),.

**58.** All the named defendants engaged in illegal trespass, conversion, and violations and invasions of plaintiff's privacy, as well as an **illegal lockout** and interruption of utility services on April 27. 2023, in violation of (Cal. Civ. Code § 789.3), and breached the covenant of quiet enjoyment, breach of covenant of habitability against plaintiff.

**59.** All the named defendants were required to following the defendant Choice Franchisor's procedures protecting hotel guests that become tenants after 30 days, and to prevent willful violations of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).,** and civil conspiracy, and willful violations of the CA Consumer Legal Remedies Act.

**60.** A California Appeals Court has held that a franchisor may be liable for punitive damages for the intentional tort of its franchisee. See Kuchta v Allied Builders Corp. 4th Dist 21 Cal App 3d 541, 98 Cal Rptr 588 (1971). The outrageous facts of this lawsuit warrant the imposition of punitive damages and treble damages against all three named defendants Hotel Franchisor and Franchisee, as well The Powers Family Trust, as one individually named defendants Philip A. Powers.

**COUNT FOUR**
**EXTRINSIC FRAUD KOUGASIAN V. HTML, (9th Cir.)**
**DEFENDANT SHAIN WASSER, AND CHOICE HOTELS INTERNATIONAL INC**

**61.** The plaintiff restates and realleges all above paragraphs with the same force and affect.

**62.** The defendant Choice Hotels hired defendant California Attorney Shain Wasser to represent the defendant Choice Hotels, in the civil action plaintiff brought before the Los Angeles Superior Court, from the law firm Kennedy's.

**63.** Defendant Wasser deliberately filed perjurious and false Sworn Affidavits with the Superior Court wrongfully accusing the plaintiff of being a Vexatious litigant, and not winning 5 lawsuits in last seven years, when plaintiff won and settled 10 lawsuits in seven years, and providing evidence of settlement checks.

**64.** Defendant Wasser fabricated facts to the Stanley Mosk Courthouse and requested that plaintiff be placed deemed a vexatious litigant, forcing plaintiff to file a voluntary dismissal, and furthermore, forcing plaintiff to be forced to appeal the wrongful and untruthful findings to the Court of Appeals Second Department.

**65.** Defendant Choice Hotels representations within publications, web sites, and advertisements that "we train our franchisee's to do things the Choice way" were false in that said named hotel named defendants despicably knew that plaintiff is the victim of an illegal lockout and defendant Wasser, and CHOICE, as well as owners of Everhome Corona hotel all made conspired to intentionally interfere with plaintiff's right to access the State Court to redress grievances for illegal lockout.

**66.** Genuine issues of material fact exist as to defendant Choice Hotel franchisor's liability and Paladin Equity Capital LLC's negligence for investing and funding hotels to be constructed that were ultimately managed by corrupt and dubious hotel management companies that commit illegal criminal acts of unlawful eviction without civil process and illegal lockout of plaintiff, and other actions of franchisor and Hotel management company.

**67.** The Hotel was not run by an independent party, but rather under licensing agreements by defendant franchisors, Choice Hotels, and the franchisor advertised that its officials trained defendant franchise and defendant hotel management company to run and operate hotel like a Choice Hotel. (See defendant Choice Franchisor advertisements).

**COUNT FIVE**
**NEGLIGENCE; RESPONDEAT SUPERIOR VICARIOUS LIABILITY**

**68.** The plaintiff restates and realleges all above paragraphs with the same force and affect.

**69.** In this action the plaintiff was injured within the defendant franchise hotel Foothill Hotel Management LLC, who breathed second hand smoke and sought medical treatment, and the actions of the franchisee and hotel management company are imputed upon and properly brought against the defendant Choice franchisor, on the grounds of vicarious liability based on ostensible agency, because all three defendants acted in concert to further the operations of the defendant Everhome Corona Hotel, where plaintiff resided.

**70.** This plaintiff offers documentary evidence that she was harmed because of relying on the perceived fact that the franchisee was an agent of the franchisor, in all the following ways: (1). Reliance on emails that were sent to plaintiff directly from defendant Franchisor Choice, that franchisee is operated exactly as Choice Hotel; (2). Advertisements attached herein as Exhibits "4" promising plaintiff that defendant Choice has trained its franchisee Foothill and HMC, to operate according to defendant franchisor trademark; (3). Telephone conversations between plaintiff and defendant Choice franchisor that offered points to plaintiff for staying at the defendant franchisee Foothill hotel.

71. The plaintiff will establish that the defendant Choice Hotels' franchisor is liable for damages because the defendant franchisee owners and defendant management companies

functioned as its actual agent, as demonstrated by the excessive control exercised by the defendant Choice franchisor over the franchisee's operation.

72. Terms of the franchise agreement requiring the franchisee to submit detailed weekly reports on its day-to-day operation to the franchisor, requiring the franchisor's approval of the furnishings and decorations of the studio, requiring the franchisee to pay into a fund managed and giving the franchisor the right to control the employment of all employees of the franchisee illustrate franchisor control arguably in excess of that required to protect its trademark. Alternatively, the attorney for the plaintiff can argue that the franchisee was the apparent agent of the franchisor based on evidence showing that the franchisee held itself out as such in advertising, in the telephone directory, and by its other conduct without clearly and effectively notifying the public that it was an entity separate from the franchisor.

73. Here the facts include a key element of an agency relationship because of the existence of some measure of control by the defendant principal Choice Hotels over the activities of the agent, Franchisee Foothill Extended Stay Management LLC., and Hotel Management and Consulting because the agency relationship exists between the franchisor and the franchisee, where all reservations to stay at defendant Franchisee defendants must be made to defendant Franchisor Choice Hotels International, and solicitations to make reservations and accrue Choice Rewards for length of stay are all processed by defendant Franchisor Choice. As such the defendant Choice Franchisor is subject to liability for the acts of the franchisee within its actual or apparent authority.

74. The defendant Choice franchisor must therefore exercise sufficient control over the franchisee to protect the franchisor's most valuable asset— its trademark—**while at the same time foregoing that degree of control that will render it vicariously liable for acts or omissions of the franchisee**.

75. In addition to the actual and apparent agency, other theories of fixing liability on the franchisor, and thus reaching what is presumably a deeper pocket, include respondeat superior, and breach of an express or implied warranty. Choice of the appropriate legal theory will depend on the nature of the franchisor-franchisee relationship and the nature of the act or omission for which liability is sought to be attached.

**COUNT SIX**
**VIOLATION OF CALIFORNIA CONSUMER CIVIL REMEDIES ACT (CLRA); FAILURE OF DEFENDANT HMC TO RESPOND TO PLAINTIFF'S 30-DAY STATUTORY DEMAND (three hotel defendants)**

76. The plaintiff restates and realleges all the above paragraphs with the same force and affect.

77. The tenant purchased a reservation online within defendant CHOICE HOTELS web site, for months at a time to rent a Unit within the defendant Choice/Everhome Corona Hotel and was cheated out of his hotel stay, illegal locked out of his rented unit, and suffered personal injuries, and therefore has standing to bring this cause of action, as he is a consumer within the meaning of CA Civil Code §1761(d) identifying a consumer as "an individual who seeks or acquires by purchase of lease any goods or services for personal, family, or household purposes." See California Grocers Association v. Bank of America, 22 Cal. App. 4th 209 217 (1994)

78. Any consumer who suffers any damages because of the use of employment by any person of a method act, or practice declared to be unlawful by section 1770 of the CA Civil Code, may bring an action against that person or corporation to recover compensatory and other damages. See Cal. Civ. Code § 1780(a).

79. The plaintiff can establish causation because he meets the reliance standard to bridge the breach of statutory duty to a damage as plaintiff rented a Hotel room for two and half years, and became a lawful tenant after 30 days, whose taxes were exempted and listed as exempt within his Itinerary as plaintiff was illegal evicted within legal process and locked out of his rented unit after he sent a formal demand for compensation after he was injured in the hotel premises.

80. The plaintiff's formal demand was set to the defendant franchisee HMC, as well as defendant Everhome, and defendant Franchisor Choice Hotels demanding compensatory damages but none of the defendants ever wrote back in violation of the statutory requirement to respond to demand within 30 days or else face double or treble damages and attorney's fees.

81. As a direct and proximate result of all of the defendants violation of CA Civil Code §§ 1750-1785, (30 day statutory demand); and willful failure of any defendant franchisor and franchisee to respond in further violation of the Choice Hotels CODE OF CONDUCT, (advertising that we follow the law); the plaintiff is entitled to double or treble damages and attorney's fees and all damages as this Honorable Court deems just and equitable.

## COUNT SEVEN
## PREMISES LIABILITY/PERSONAL INJURIES (against all defendants)

82. The plaintiff restates and realleges above paragraphs with the same force and affect.

83. On March 8, 2023, the plaintiff who suffers from severe obstructive sleep apnea was hospitalized for insomnia, lack of sleep, and according to medical records; plaintiff was in "State of emotional shock and stress" as a result of his "living environment" while residing within as a "current resident" within "Everhome Suites in Corona, CA" and patient "is having insomnia, anxiety, and stress."

84. As a direct and proximate result of the defendant Choice Hotels' and defendant Paladin Equity negligence in investing in construction projects and building Choice Hotels that are run and operated by criminal behaving degenerates that are wholly destitute of reasons and logic and common sense, and negligent failure to offer the necessary expert support, resources, and training to defendant "franchisees" and breach of defendant Choice Hotels promises to train and educate defendant franchisees HMC, and FOOTHILL EXENDED STAY, LLC, et al., and FOOTHILL EXTENDED STAY MANAGEMENT LLC; the defendant HMC Hotel management officials, caused the mistreated the plaintiff, and caused him to suffer bodily injuries from breathing second hand smoke, insomnia, lack of sleep illegal eviction without civil process and illegal lockout and numerous other claims for mental anguish for which plaintiff seeks reasonable compensation.

**70. WHEREFORE, the plaintiff seeks reasonable compensation after jury trial including special damages, punitive damages, and treble damages for violation of California Consumer Protection Act by all three (3) hotel defendants, who never responded to plaintiff's demands.**

## COUNT EIGHT
## VIOLATION OF CA CIVIL CODE 1940.2 WRONGFUL INTERFERENCE WITH PLAINTIFF'S RENTED APARTMENT ;(all defendants)

-

71. The plaintiff restates and realleges all above paragraphs with the same force and affect.

72. The three hotel defendants conspired with the Corona Police to wrongfully lock out and expel the plaintiff Gregory Langadinos without the use of the civil process or lawful purpose.

But for the investment, financing, funding and building of the defendant Everhome Corona Hotel by defendant by Paladin Equity Capital LLC, and had Paladin properly managed the operation of the defendant Foothill Equity d/b/a/ Everhome Corona, the plaintiff would not have suffered personal injuries, illegal eviction illegal lockout and other despicable acts.

73. The defendant HMC and Foothill Management staff used the Corona Police Officer's Grier and others falsely imprisoned the plaintiff within his rented apartment on Monday April 4, 2023, and used unreasonable threats of arrest and conducted a search of plaintiff's rented apartment for which plaintiff was in lawful possession of by using forcible entry and detaining plaintiff in violation of (Cal. Civ. Code §§ 1159, 1160),

74. The defendant Choice/Everhome Corona, HMC, and Foothill Management owner of hotel company conspired with the Corona Police to wrongfully evict, and engage in retaliatory eviction acts in violation of (Cal. Civ. Code § 1942.5(h)),.

75. All of the named defendants engaged in illegal trespass, conversion, and violations and invasions of plaintiff' privacy, as well as an **illegal lockout** and interruption of utility services on April 27. 2023, in violation of (Cal. Civ. Code § 789.3), and breached the covenant of quiet enjoyment, breach of covenant of habitability against plaintiff.

**76.** All of the named defendants were required to following the defendant Choice Franchisor's procedures protecting hotel guests that become tenants after 30 days, and to prevent willful violations of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).,** and civil conspiracy, and willful violations of the CA Consumer Legal Remedies Act.

## COUNT NINE
## ABUSIVE VIOLATION OF TENANT'S RIGHT OF PRIVACY UNDER CA CIVIL CODE 1954; (all defendants)

77. The plaintiff restates and realleges all the above paragraphs with the same force and affect.

78. The three hotel defendants conspired with the Corona Police to wrongfully lock out and expel the plaintiff Gregory Langadinos without the use of the civil process or

79. The defendant Corona Police Officer's Grier and others Falsely imprisoned the plaintiff within his rented apartment and used unreasonable threats of arrest and conducted a search of plaintiff's rented apartment for which plaintiff was in lawful possession of by using forcible entry and detaining plaintiff in violation of (Cal. Civ. Code §§ 1159, 1160),

80. The defendant Choice/Everhome Corona, HMC, and Foothill Management owner of hotel company conspired with the Corona Police to wrongfully evict, and engage in retaliatory eviction acts in violation of (Cal. Civ. Code § 1942.5(h)),.

81. All of the named defendants engaged in illegal trespass, conversion, and violations and invasions of plaintiff privacy, as well as an **illegal lockout** and interruption of utility services on April 27. 2023, in violation of (Cal. Civ. Code § 789.3), and breached the covenant of quiet enjoyment, breach of covenant of habitability against plaintiff.

**82.** All of the named defendants were required to following the defendant Choice Franchisor's procedures protecting hotel guests that become tenants after 30 days, and to prevent willful violations of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).**, and civil conspiracy, and willful violations of the CA Consumer Legal Remedies Act.

## COUNT TEN
## THEFT OF PROPERTY; REMOVAL OF PROPERTY VALUED AT OVER $ 8,000 (all three hotel defendants)

83. The plaintiff restates and realleges all the above paragraphs with the same force and affect.

84. On April 27, 2023, the plaintiff's digital key was caused to be expired, and plaintiff requested his key be renewed to re-enter his rented apartment.

85. The defendant Hotel staff employed for defendant franchisee HMC and Foothill refused to renew the plaintiff's keys.

86. The plaintiff's personal property includes expensive Italian suits, shirts, food, and silverware and other items estimated to be over $ 8,000 were discarded after plaintiff was not allowed to re-enter his rented room with the use of the Corona Police as henchmen threatening to arrest plaintiff if he returned to his rented room.

**WHEREFORE, the plaintiff seeks treble damages and $ 1,000 a day for illegal lockout since April 27, 2023, exceedingly over 108 days X $ 1,000 A DAY totaling $ 108,000 plus damages and attorneys' fees, and costs, and costs of experts.**

**COUNT ELEVEN**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Balmoral Hotel Tenants Association v. Lee, 226 Cal App. 3d. 686, 276 Cal. Rptr., 640 (1990) ($ 1.48 Million awarded for Self Help acts of Landlord) (all defendants)**

87. The plaintiff restates and realleges all the above paragraphs with the same force and affect.

88. On March 8, 2023, the plaintiff who suffers from severe obstructive sleep apnea was hospitalized for insomnia, lack of sleep, and according to medical records; plaintiff was in "State of emotional shock and stress" as a result of his "living environment" while residing within as a "current resident" within "Everhome Suites in Corona, CA" and patient "is having insomnia, anxiety, and stress."

89. As a direct and proximate result of the defendant Choice Hotels' negligent failure to offer the necessary expert support, resources, and training to defendant "franchisees" an breach of defendant Choice Hotels promises to train and educate defendant franchisees HMC, and FOOTHILL EXENDED STAY, LLC, et al., and FOOTHILL EXTENDED STAY

MANAGEMENT LLC; the defendant HMC Hotel management officials, mistreated the plaintiff, and caused him to suffer bodily injuries from breathing second hand smoke, insomnia, lack of sleep and numerous other claims of mental anguish for which plaintiff seeks reasonable compensation.

90. The facts of this lawsuit establish that the defendant Choice Hotels franchisor had sufficient control and maintained command power, and authority over defendant franchisee's Foothill Extended Stay Management LLC, and HMC's franchise hotel property and daily operations to create duty of care as to franchisee's employees who viciously abused the plaintiff, evicted him, and locked him out of his rented apartment in violation of the defendant Choice franchise agreement and that franchisor had control over terms and conditions of franchisee's employees, because the name on the property of the defendant franchisee's hotel, was the defendant franchisor's name and trademark, (Choice Hotels International, and Everhome Suites); which are the names of the defendant Franchisor and as such the defendant Franchisor did retain control over operation of franchisee defendants and franchisor's authority over franchisee was not limited to enforcing the uniformity of franchisor's "system" for operation of franchised hotels. Folsom v. Burger King, 135 Wash. 2d 658, 958 P.2d 301 (1998).

91. The actions of the defendant Choice Franchisor and two defendant franchisees Foothill Extended Stay Management and HMC, in exercising sufficient control over operation of the franchisee who evicted a disabled plaintiff and locked him out of his rented apartment are outrageous and beyond the human bounds of decency.

92. The actions of all defendants acting in concert with defendant Franchisor warrant imposing respondeat superior and/or vicarious liability defendant franchisees for actions of franchisee's employees who evicted plaintiff and locked him out of his rented apartment.

93. **WHEREFORE**, plaintiff seeks reasonable compensation after jury trial including special damages, punitive damages, and treble damages for violation of California Consumer Protection Act by all three (3) hotel defendants, who never responded to plaintiff's demands.

**COUNT TWELVE**
**BREACH OF CONTRACT (three hotel defendants)**

94.The plaintiff restates and realleges all the above paragraphs with the same force and affect.

95. The plaintiff entered into a contract with the defendant Franchisor Choice Hotels and paid for his reservations for two weeks, and then three more weeks exceeding the 30-day time threshold and becoming a lawful tenant.

96. Plaintiff booked his Reservation to live long term at the defendant Everhome Suites/Choice Hotel for two and a half years from January 13, 2023, through August 1, 2025.

97. Defendant Hotel Management and Consulting General Manager and other officials employed for defendant Foothill Extended Stay Management breached the contract to provide plaintiff a rented apartment for two and a half years.

98. **In further breach of the written contract to rent the plaintiff an apartment within the defendant Franchisor Choice while managed by defendant Hotel Management and Consulting and owned and operated by Defendant Foothill Extended Stay, defendant Philip A. Powers, and defendant The Powers Family Trusts, for** two years and a half from January 13, 2023, through August 1, 2025. See Exhibit "2" all of the defendants conspired together to unlawfully evict plaintiff and lock him out of his rented apartment in violation of numerous criminal and civil statutes; **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).**

**99. Plaintiff seeks compensatory, double, and treble damages as well as Punitive damages in the amount of $ 2,000,000 for this Count alone.**

## V. DEFENDANTS' VIOLATIONS OF THE FAIR HOUSING ACT

100. The United States re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1–68 above. 70. The rental properties the ordinance affected are all dwellings within the meaning of 42 U.S.C. § 3602(b). 71. The conduct of Defendants described above constitutes: a. A denial of housing or otherwise making housing unavailable because of race and national origin, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a); b. Discrimination in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race and national origin, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b); and c. Coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617. 72. The conduct of Defendants described above constitutes: a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, in violation of 42 U.S.C.§ 3614(a); and b. A denial to a group of persons of rights granted by the Fair Housing Act, which raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a). 73. Persons who were victims of Defendants' discriminatory practices, as well as individuals or entities that were injured by the discrimination against those victims, are aggrieved persons as defined in 42 U.S.C. § 3602(i), and may have suffered damages as a result of Defendants' conduct. 74. Defendants' conduct was malicious, intentional, willful, and/or taken with reckless disregard for the rights of others.

## VI. RELIEF REQUESTED

**WHEREFORE, the plaintiff requests a trial by jury on all Counts; and furthermore.**

**A. that the Court enter an ORDER that: 1. Declares that Defendants' conduct violated the Fair Housing Act; 2. Enjoins Defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them from: continuing to falsely accuse and harass plaintiff by wrongfully harassing plaintiff from accessing the Courts, through conjured up lies about plaintiff's past litigation and to order defendant Choice to retract its false representation that plaintiff is vexatious when defendant Choice are racist and discriminate based on race disability and many other protected classes;**

**B. Award the plaintiff damages for denied housing, or otherwise making housing unavailable because of race, in violation of 42 U.S.C. § 3604(a); b. Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race in violation 42 U.S.C. § 3604(b); or c. Coercing, intimidating, threatening, or interfering with a person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, rights under the Fair Housing Act;**

**D. Compensatory damages for $ 15,000,000.**

**E. Daily fines of $ 1,000 for 108 days plaintiff was locked out and forced from his rented home with a two- and half-year lease.**

**F. Punitive Damages.**

**G. Treble Damages.**

**H. All other relief this Honorable Court deems just and equitable.**

Gregory Lenguadin [signature]

5/1/2025

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is________________. On______________ I served the herein described document(s) through the means indicated below.

**DEFENDANTS' SPECIAL JURY INSTRUCTIONS**

☒ E-MAIL - by transmitting via electronic mail the document(s) listed above to the e-mail addresses set forth below.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail to the addresses listed below.

I am familiar with the firm's practice of collection and processing correspondence for faxing, mailing and e-mailing. With regard to mailing, under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the ~~State of California~~ United States that the above is true and correct. Executed on ___________________________.