AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Gregory Langadinos<br>*Plaintiff(s)*<br>v.<br>City of Corona<br>See attachment<br>*Defendant(s)* | ) | Civil Action No. ED CV 25 - 01064 - ODW (SHKx) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*
See attachment

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Gregory Langadinos
PO Box 883
Redondo Beach, CA 90277

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 5/01/2025

*Signature of Clerk or Deputy Clerk*

1202

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Gregory Langadinos J.D. M.P.A.
P.O. BOX 883
Redondo Beach, CA 90277
(949) 844-0250
glangadinos@yahoo.com

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION**

**GREGOY LANGADINOS,**
**PLAINTIFF,**

**V.**

**CITY OF CORONA; and CHOICE HOTELS INTERNATIONAL INC.; PALADIN EQUITY CAPITAL LLC., FOOTHILL EXTENDED STAY MANAGEMENT LLC, DOING BUSINESS AS EVERHOME CORONA; PHILIP POWERS, HOTEL MANAGEMENT AND CONSULTING HMC; AND SHAIN WASSEER in her official capacity as attorney for CHOICE HOTELS and in her individual capacity AND DOES 1-20,**
**DEFENDANTS**

**CASE No:______________________**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. COMPLAINT

1.. This civil action is brought by plaintiff, tenant Gregory Langadinos through his Attorneys primarily arising out of and related to a tenancy in which plaintiff resided within the Everhome Corona Hotel owned and operated by defendant Choice Hotels International for egregious and discriminatory violations of the Fair Housing Act of 1968, under § 3604(b) for illegally locking plaintiff out of rental unit, and causing and failure to remedy discriminatory harassment by the City of Corona for reporting Federal and State Tax Code and charging plaintiff and other tenants Hotel taxes after residing in long term extended stay hotel for more than 30 days.

2. In addition, plaintiff brings this suit for money damages and injunctive relief under 42 U.S.C. § 1982, which has its origin in § 1 of the Civil Rights Act of 1866, prohibiting racial discrimination in the rental of real property, as well as 42 U.S.C. § 1981,which also derived