FILED

2025 DEC 10 PM 3:01

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY

Gregory Langadinos J.D. M.P.A.
P.O. BOX 883 Redondo Beach, CA 90277
(949) 844-0250
glangadinos@yahoo.com

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**GREGORY LANGADINOS,**
**Plaintiff,**

**V.**

**1. CHOICE HOTELS INTERNATIONAL INC. and 2. FOOTHILL EXTENDED STAY--MANAGEMENT LLC, ---(D/B/A/)--** EVERHOME CORONA); **and 3. HOTEL MANAGEMENT--AND CONSULTING (HMC); and 4. JAMES E. NEYMAN AND ASSOCIATES P.C. and 5. JAMES E. NEYMAN,** (in his official capacity as plaintiff's attorney and employer, and in individual capacity; **6. RICHARD G. GROSSACK** ~~et al,~~ (in his official capacity as "OF-COUNSEL" for James Neyman and Associates) ~~et al,~~ and individual capacity; **Defendants,**

**CASE No: 5:25-CV-01064-ODW (SHKx)**

**Judge: Otis D. Wright II**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**DECLARATORY JUDGMENT ACT 28 U.S.C. § 2201**

**CONFLICTS OF LAW—INVOKING MASSACHUSETTS STATUTES**

# I. FIRST AMENDED COMPLAINT

## A. INTRODUCTION & PRELIMINARY STATMENT

### (i). The Hotel Lockout (May 1, 2023)

1. First this Federal civil action is brought by plaintiff, Gregory Langadinos, as both a California tenant, against defendant Choice Hotels International and its affiliates and as an employee who worked for the defendant Massachusetts law firm James Neyman and Associates, and owner Attorney James E. Neyman, and his partner Of Counsel, Richard G. Grossack, while plaintiff performed all the worked within the State of California.

2. As a direct and proximate result of the egregious pattern of Extrinsic Fraud, and bad acts committed by the defendant Neyman and Associates, and James Neyman, dating back thirteen and eleven years ago, (but concealed from plaintiff until August 2025)( including that appeals were never undertaken because one of the Judges, Linda Giles, was the first Open Lesbian in

the State of Massachusetts, the plaintiff was blacklisted by Choice Hotels Chain, because defendant Neyman never appealed the fraudulent Orders finding plaintiff to be vexatious which also caused the plaintiff to be locked out of his rented Long Term Hotel Suite in violation of the Fair Housing Act 28 U.S.C. § 3604; and 42 U.S.C. § 1982, 42 U.S.C. § 1981, Extrinsic fraud by the three Massachusetts defendants, including Fraudulent concealment under Massachusetts statute, **M.G.L. Chapter 260, § 12**. Specifically, **M.G.L. Chapter 260, § 12** states; "**If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to discovery of his cause of action by the person to entitled shall be excluded in determining the time limited for the commencement of the action.**"

**TRIAL BY JURY DEMANDED**

3. Plaintiff respectfully demands a trial by jury of all issues that are triable by jury.

4. The plaintiff, while suffering from Prostate Cancer and Thyroid Eye Disease, and blurred vision, was residing as a California Tenant within the defendant Choice Hotel, Everhome Corona was unlawfully locked out and removed from his rented Hotel Suite on May 1, 2023, while residing as a California Tenant 90 days, while taxes were exempt after 30 days, by the defendant Choice Hotels International Inc. and its affiliated hotel management company because Tenant/Plaintiff appeared in web sites and blacklisted and falsely reported to be a vexatious litigant.

**(ii) Extrinsic Fraud by the defendant Massachusetts Law Firm Neyman and Associates P.C., and defendant Neyman, and Forgiveness of Litigant Loan exceeding over $ 40,000 in interest carried out as an Admission of Guilt for committing Legal Malpractice; and Extrinsic fraud under California landmark Ninth Circuit Court of Appeals decision in**

5. Secondly, this action is brought against plaintiff's current employer, and current Attorney James E. Neyman and Associates P.C., as well as the owner and attorney James E. Neyman as well as the Partner and /Of counsel, Attorney Richard Gossack for Legal Malpractice for

actions dating back to years 2012, and 2014, as well as for negligence occurring in the last 23 months since January 2024.

6. In year 2013, and 2014, the plaintiff paid defendant Neyman and Associates $ 6,000 from borrowed funds from a New York corporation Necessity Funding, to competently handle the appeal and the discovery by plaintiff, that Massachusetts Superior Court Judge Linda Giles, (the supposed first Lesbian Judge in Massachusetts and Massachusetts Superior Court Judge Elizabeth Fahey, who both colluded and conspired to plant and manufacture fake allegations that plaintiff is a Vexatious Litigant, in retaliation for plaintiff filing formal complaints with the Massachusetts Commission on Judicial Conduct, against both Judge for permitting plaintiff's own attorney to illegally record his voice in violation of the Massachusetts Wiretap Act.

7. Plaintiff moved to California in 2014, and defendant James Neyman, who has known plaintiff since year 2001, (24 years), and claims to be plaintiff's friend; in violation of Ninth Circuit Extrinsic Fraud standard, from case **Kougasian v. TMSL, Inc.,** 359 F.3d 1136 (9th Cir. 2004); and in further violation of Massachusetts statute, (**M.G.L. Chapter 260, § 12**; which states; **"If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person),the statute of limitations is tolled), falsely represented, and concealed from plaintiff and lied to him, stating, that defendant Neyman and Associates and its attorneys were denied permission by the both the Federl Court, to Object to Magistrates Jennifer Boal's Order finding plaintiff to be Vexatious, by adopting State Court fraudulent findings of prior 2012 State Order, and the State Court Order from year 2014.**

**8. On or about July 6, 2025, the defendant James Neyman revealed to plaintiff that the reason he never undertook appeals, or other pursuits of vacating fraudulent Order by two corrupt Massachusetts Judges is because one of them Linda Giles "is a Lesbian[1]."**

9. As of December 8, 2025, the defendant Richard Grossack, continuously refuses to gather and maintain all client files, and provide them to plaintiff as part of his duty to all clients, and in his capacity as the attorney overseeing the Neyman law firm, while defendant Edward Neyman has been in a hospital and or other medical facility for over 60 days, since the beginning of October 2025.

**II. VIOLATION OF MASSACHSUETTS GENERAL LAW CHAPTER 260, § 12, FRAUDULENT CONCEALMENT BY DEFENDANT NEYMAN AND ASSOCIATES AND MASSACHUSETTS ATTORNEY JAMES EDWARD NEYMAN'S FAILURE TO APPEAL YEAR 2012 AND 2014 MASSACHUSETTS STATE COURT ORDERS FALSELY FINDING PLAINTIFF TO BE VEXATIOUS LITIGANT, BASED ON EMAIL DEMONSTRATING CONSPIRACY BETWEEN TWO STATE JUDGES FAHEY AND GILES AND CONCELAMENT OF FAILURE TO OBJECT TO MAGISTATES JENNIFER BOALS FALSE FINDINGS**

10. To demonstrate fraudulent concealment, this plaintiff must show that defendant Neyman and Associates and defendant James E. Neyman both engaged in "affirmative acts or representations designed to prevent discovery of the cause of action or to lull or induce a claimant into delaying the filing of his claim." While silence is typically not enough to prove fraudulent concealment, it may be enough when there is a fiduciary relationship, like an

---

[1] Defendant Neyman did not hold the plaintiff's settlement proceeds in escrow to pay back litigation funding company because he never undertook the appeal and/or Objection of the Federal Magistrates Order of September 2013, or the appeal of the June 2014 Amended Orders which falsely and fraudulently accused the plaintiff of being vexations litigant even though Neyman had transcript of Massachusetts Judge Fahey admitting she falsified the record, and received an email from Judge Giles who recused herself from further presiding over plaintiff's lawsuit. Neyman deceived the plaintiff to believe he benefitted and was enriched by not having to repay litigation loans as a good will gesture, when the real reason was fraudulent concealment of fact that Neyman and Neyman and Associates surpassed statute of limitations, and refused to appeal an action because one of the participants to the conspiracy to plant fake allegations in court record was a Lesbian woman. The actions defendant Neyman and Associates, and defendant James Neyman, constitute discrimination against plaintiff on the basis of heterosexual sexual orientation, or discrimination against Lesbian female Massachusetts State Judge, and require a jury of plaintiff's peers to evaluate the facts.

attorney-client relationship, and where the attorney fails to fulfill his duty to disclose material facts concerning the existence of a cause of action. Equitable estoppel works parallel to fraudulent concealment to toll a statute of repose.

## III. PARTIES

A. **Plaintiff**

**11. The plaintiff, GREGORY LANGADINOS** currently resides in Redondo Beach, California within the County of Los Angeles.

B. **Defendants**

**12. The first defendant CHOICE HOTELS INTERNATIONAL INC.,** is incorporated in the State of Maryland, and the current physical address of 1 Choice Hotels Circle Suite 400 Rockville, MD 20850.

**13. The Second defendant FOOTHILL EXTEDNED STAY MANAGEMENT LLC, d/b/a/ Everhome Corona** is a Delaware, limited liability company whose California business address is 1267 Willis Street Suite 200 Redding CA 96001, with a business location physically at the address where plaintiff resided within Everhome Corona of 1961 W FOOTHILL PKWY, CORONA, CA 92881-4103.

**14. The third defendant HOTEL MANAGEMENT AND CONSULTING (HMC);** is a hotel management company incorporated in the State of Kansas with address of David Martin – Chief Executive Officer 7200 W. 132nd St. Suite 220, Overland Park, KS 66213; and the Resident Agent is is Mr. David Martin's Wife Mrs. CHERIE D MARTIN MRS **Registered Office:** 15212 Perry Street, OVERLAND PARK, KS 66221.

15. The fourth defendant, **NEYMAN AND ASSOCIATES P.C**., is a Massachusetts law firm located at 76 Canal Street 3rd Floor, Boston, Massachusetts 02114.

16. The fifth defendant **JAMES EDWARD NEYMAN** is a Massachusetts licensed attorney and the owner of Neyman and Associates P.C., the firm where he works out of located at 76 Canal Street 3rd Floor, Boston, Massachusetts 02114.

17. The sixth and final defendant, **RICHARD G. GROSSACK** is employed as a partner for the Massachusetts law firm Law Offices of James E Neyman and Associates P.C., and works in the role known as "Of Counsel"; located at 76 Canal Street 3rd Floor, Boston, Massachusetts 02114.

## IV. FEDERAL QUESTION JURISDICTION; SUPPLMENTAL AND ANCILARY JURISDICTION, AND CONFLICTS OF LAW

**18.**. This Court has jurisdiction over this action pursuant to numerous federal statutes that were violated by the three Choice Hotel affiliated defendants, as well as the three Massachusetts defendants, including but not limited to the following; 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. Federal Fair Housing Act, 42 U.S.C. § 3604(b), and Extrinsic fraud, in violation of Kougasian 9th Circuit Court of Appeals case.

19. Jurisdiction is also conferred on this Court by under 42 U.S.C. § 1981; 1985, Title VII of the 1964 Civil Rights Act, and as a direct and proximate result of the extrinsic fraud by defendant Neyman and Associates P.C., which sabotaged the plaintiff's fair opportunity to set aside the fraudulent and fake allegations that plaintiff was a vexatious litigant, by defendant Neyman and Associates Obstruction of Justice and failure to preserve the plaintiff's rights, to be treated equally under the Eequal Protection Clause of the United States Constitution.

20. Jurisdiction is further conferred on this court by numerous California State Law causes of action, including the California Labor Code, § 204, § 1194, § 1194.2 and § 1197 § (failure to pay wages); Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 226.7;

Failure to Provide Accurate Itemized Wage Statements [Cal Lab Code § 226]; and Unfair Business and Professions [Cal. Bus. & Prof. Code §§ 17200, t seq.].

21. Jurisdiction is further conferred based on Supplemental, Pendent jurisdiction and/or Ancillary Jurisdiction

22. Venue is proper under 28 U.S.C. § 1391(b) because conduct giving rise to the United States' allegations occurred in the Central District of California, and Three Hotel Defendants are located in the Central District of California, and/or do business within the confines of Los Angeles County and therefore, have availed themselves to the jurisdiction of the County of Los Angeles. The facts of this lawsuit, and damages suffered by plaintiff, exceed the $ 75,000 Diversity Jurisdiction perimeter subject matter jurisdiction threshold. This Court has long arm personal jurisdiction over three affiliated Choice Hotels defendants, (Choice Hotels International (d/b/a/ Everhome Corona), (Maryland Corporation); as well as defendant Hotel Management and Consulting Inc. (HMC).

23. In addition, as well as the three (3) out of state defendants incorporated in the State of Kansas, as well as three Massachusetts defendants, because plaintiff is an employee of defendant Neyman and Associates, and because both defendants do business in California and have "minimum contacts" within the State of California.

**24.** General jurisdiction and Venue is present here in this United States District Court in Riverside County Superior Court Unlimited Jurisdiction section because the defendant's activities in **California** are "substantial, continuous and systematic." (*Perkins v. Benguet Consolidated Mining Co.* (1952) 342 U.S. 437, 446-447; *Sonora Diamond Corp. v. Sup. Ct.* (2000) 83 Cal.App.4th 523, 536.).

## V. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

25. Here, this plaintiff both pleads facts with particularly and directs this Honorable Court to Exhibits supporting the argument that the statute of repose was tolled based on fraudulent concealment and equitable estoppel by defendant Massachusetts Attorney Neyman, because Neyman was hired and paid $ 6,000 to undertake one appeal of Massachusetts Orders from Judge Fahey, as well as to Object under Fed.R.Civ.P. Rule 72(b) within 14 days to Magistrates Order. Neyman lied to plaintiff in years 2014 to believe that he was denied permission to appeal and both Orders.

26. The specific "affirmative acts and representations by defendant Neyman designed to prevent discovery by plaintiff of the cause of action for malpractice, and furthermore to lull and induce this plaintiff into delaying the filing of his claim was Neyman's agreement to not re-pay $ 40,000 in litigation loans, which plaintiff borrowed from Necessity Funding, to pay Neyman for the appeals.

27. Defendant Neyman agreed not to reimburse Necessity funding for three loans which exceed over $ 40,000 with interest, and did not deduct and of the settlement proceeds from two different personal injury claims, to reimburse Necessity Funding, a part of the scheme to conceal from Plaintiff, and to defraud plaintiff to believe he was enriched financially, in violation of M.G.L. Chapter 260 § 12, fraudulent honestly disclosing or explaining to plaintiff that the reason he will avoid repaying back $ 40,000 in litigation loans, is because defendant Neyman and Associates committed malpractice in failing to appeal both the State and Federal findings that plaintiff is a vexatious litigant.

28. Defendant Neyman and Associates and, defendant Neyman never explained to plaintiff that he will be ostracized and blacklisted as a **"Vexatious Litigant" when the true story is plaintiff is not or ever has been a vexatious litigant, rather two Massachusetts openly Gay Lesbian Judges engaged in a conspiracy to RIG and corrupt the State Court record to reflect plaintiff was vexatious, for reporting both Judges to Massachusetts trial Court for**

**allowing his own attorneys to record his voice. <u>See Exhibits 12</u> email by two corrupt judges emailing each other to plant fake accusations that plaintiff committed fraud.**

## VI. DEFEDANT NEYMAN AND ASSOCIATES AND DEFENDANT JAMES E. NEYMAN ARE EQUITABLY ESTOPPED FROM RAISING STATUTE OF LIMITATIONS FROM THE YEAR 2012, AND 2014 VEXATIOUS ORDERS, OR THE SURPAASING OF STATUTE OF LIMITATIONS FOR THE FOUR $ 900,000 VINTAGE COMIC BOOKS, OR THE DEDLINE TO FILE PERSONAL INJURY BASED ON PROSTATE CANCER WHICH EXPIRED DECEMBER C5, 2025; AS A DEFENSE WHEN DEFENDANTS CAUSED THE DELAYS BY CONSTANTLY REASSURING PLAINTIFF THAT THEIR LEGAL POSITION WAS SOUND, AND FAILING TO EVER PROVIDE PLAINTIFF WITH HIS CLIENT FILES FOR OVER A YEAR AND A HALF SINCE JUNE 2024

29. The court found this case similar to **<u>Jackson Jordan, Inc. v. Leydig, Voit & Mayer</u>**, 158 Ill. 2d 240 (1994), where the Illinois Supreme Court held that the defendants were equitably estopped from raising the statute of limitations as a defense when the defendant caused the delay in filings by constantly reassuring the plaintiff that its legal position was sound.

30. **Plaintiff discovered in October 2025 that Defendant Massachusetts Law Firm Neyman and Associates never appealed fraudulent and False Orders from years 2012, and 2014 labeling him to be vexatious by two Massachusetts State Judges which admitted to committing fraud on the Court in open Court on February 22, 2012 [See email between two corrupt Massachusetts Judges emailing each other revealing their plans to plant fake evidence in plaintiff's file, and Obstructing Justice which defendant Neyman surpassed statute of limitations and never timely appealed or moved a finger to represent the plaintiff. <u>Exhibit "22"];</u> as well as Exhibit "23"; and the failure to file Objection to Magistrate Jennifer Boal's Order of September 30, 2013, annexed herein as <u>Exhibit "24."</u>.**

**31. The defendant Massachusetts Law firm Neyman and Associates had told plaintiff in year 2014, and after he had moved to the State of California on September 2014, that the two appeals he hired defendant Neyman and Associates P.C. and paid $ 7,000 to handle**

**(to object to Magistrate Jennifer C. Boals' September 2013, findings under Federal Rule of Civil Procedure Rule 72(b) were rejected, as well as appeals of fraudulent decisions of two Massachusetts Judges were rejected due to permission being denied to proceed based on prohibition within Orders of Court.**

32. **The defendant law firm forgave the plaintiff of a $ 30,000 litigation loan with interest as an admission of guilt in exchange for the failure to undertake the legal work plaintiff paid $ 7,000 to be performed.**

## VII. THE PLAINTIFF WAS UNWARE AND HAD NOT YET DISCOVERED THAT THE FAILURE OF DEFENDANT NEYMAN AND ASSOCIATES P.C. AND DEFENDANT ATTORNEYS JAMES E. NEYMAN AND RICHARD GROSSACK, THAT HE WOULD BE BLACKLISTED, AND OSTRACIZED WHILE RESIDING IN CALIFORNIA ELEVEN YEARS LATER FOR THR FAILURE OF DEFENDANT NEYMAN AND ASSOCIATES TO PROPERLY MANAGE AND APPEAL TWO LEGAL MATTERS AND FOR THESE REASONS THE MASSACHUSETTS AND CALIFORNIA DISCOVERY RULES, PERMITS THIS CONTROVERSY TO BE PROPERLY BEFORE THIS UNITED STATES FEDERAL COURT

33. Plaintiff's tenant while residing as a lawful California tenant within the Everhome Corona Hotel owned and operated by defendant Choice Hotels International Inc., suffered extreme abuse and harassment and egregious and discriminatory violations of the Fair Housing Act of 1968, under § 3604(b) and was ultimately illegally locked out of Choice Hotels rental unit, as a direct and proximate result of the Extrinsic Fraud committed by the Massachusetts defendant Law Firm, Neyman and Associates P.C., and defendant currently licensed Massachusetts attorneys; James E. Neyman, and his partner of counsel; Richard Grossack.

34. In addition, plaintiff brings this suit for money damages and injunctive relief under 42 U.S.C. § 1982, which has its origin in § 1 of the Civil Rights Act of 1866, prohibiting racial discrimination in the rental of real property, as well as 42 U.S.C. § 1981, which also derived from the Civil Rights Act of 1866, guaranteeing all persons the same right to make and enforce contracts as is enjoyed by white persons. Section § 1981, and § 1982 provide a remedy against private and public racial discrimination based upon sex, national origin, religion, familial

status, or handicapped condition to set aside the vexatious litigant label caused to befallen and follow plaintiff from the corner of Massachusetts caused by his Massachusetts Attorneys, to the West Coast State of California.

35. Plaintiff Gregory Langadinos brings this suit against defendant hotel franchisors **Choice Hotels International franchisors Choice Hotels International, Inc**. and directly against FOOTHILL HOTEL MANAGEMENT CO. INC., as well as defendant Hotel Management and Consulting (HMC) the hotels management company (collectively, the franchisee **hotels**), for willful violations of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).**, and civil conspiracy. for negligence, premises liability Illegal lockout, Self Help Eviction, violation of the Califiornia Consumer Legal Remedies Act, breach of contract, Intentional infliction of Emotional Distress, and numerous other CA torts and breach of contract actions by the actions of their employees and officials.

**36.** In this action against defendant Choice Hotel franchisor arising from personal injuries, mental anguish, and loss of rented apartment that resulted from an altercation between the defendant HMC staff conspiring with Corona Police Officer to evict and illegally lockout plaintiff from his rented apartment within defendant long term extended stay hotel, the defendant Choice Hotel's franchisor's negligence in failing to train, an educate its franchisee on the protected of Hotel Guests that become lawful tenants after 30 days in California, and failure of hotel to provide adequate security to protect the tenant Langadinos from violent hotel staff warrants a finding of liability against defendant Choice Hotels as well as defendant hotel owners Foothill Hotel Management LLC, and defendant hotel management consulting company defendant HMC.

**37.** All of the named defendant willfully and intentionally violated Civil Code 789.3 prohibiting a landlord from locking a tenant out of his rented Unit including Hotel Room tenant was residing for over 30 days, changing the locks moving the tenants' belongings into the

street or trash in order to force a tenant out. California landlords who do so are liable for a penalty of $ 100 to $ 1000 dollars per day that the violation continues plus tenants' actual damages.

**(A). The Theft of Wage Claims against Neyman and Associates P.C., from plaintiff working 1325 hours over the course of seventeen months at the rate of $ 100.00 an hour on Yalitza Munoz v. University of Southern California Verdugo Hills Medical Center succeeding to issue findings of discrimination on behalf of client of the defendant law firm Neyman and Associates before both the U.S. Department of Education, as well as the Equal Employment Opportunity Commission of Los Angeles between May 2024, and October 2025, in violation of Chapter VII of 1964 Civil Rights Act of 1964, and California Fair Housing and Employment Act**

38. From May 2024, through October 7, 2025, the plaintiff worked tirelessly and diligently, on a client's case, named Yalitza Munoz, for a total of thirteen hundred and twenty two hours including researching and preparing two administrative complaints filed with the United State Department of Educations' Civil Rights Office in Washington D.C. which resulted in five different categories of civil rights protections in which the USDOE OCR ultimately found cause and referred the case to the Equal Employment Opportunity Commission's Los Angeles Office, because the client resides in Burbank, California which has jurisdiction over the employer USC Verdugo Hospital, as well as the client.

39. The plaintiff also followed up and spearheaded the claim before the EEOC, which resulted in the case being referred to the EEOC's Mediation program.

40. It is undisputed that defendant Neyman expressly listed the plaintiff, Gregory Langadinos within actual fee agreements with clients, stating plaintiff will perform the work on the case, and plaintiff was paid a small fraction of wages using checks with the defendant Neyman and Associates name on the checks, evidencing an existing employment relationship. See three checks written by defendant Neyman to pay wages, and fee agreements expressly stating that plaintiff will be working on the case of Yalitza Munoz, v. U.S.C. before the EEOC, and USDOE. See **Exhibits "6" "7" "8" "10"**

41. Despite, the truthful existing employment relationship between Plaintiff and Neyman and Associates under California Labor laws,, defendant Neyman filed a false Sworn Affidavit with the Boston Housing Court when he sabotaged plaintiffs ongoing eviction case, by refusing to invoke numerous claims, and failing to file an Amended Answer, and failed to invoke a Jury trial and defendant Neyman filed a false and perjurious Affidavit with the Housing Court, **one of the cases, he is representing the plaintiff on, and falsely[1] stated,** "***I recently learned that Mr. Langadinos is also claiming that he was an employee of my firm and he is owed wages" "While I deny the claims against me."*** **(emphasis supplied). See Exhibit "9."**

42. In July of this year 2025, one year and half after defendant Edward Neyman, undertook four cases to represent the plaintiff, Neyman revealed to plaintiff, by proving him medical records, that he suffers from severe depression, severe financial hardship, **to the point and to the extreme that reinforce the fact, that plaintiff worked for no pay for over a year, and that neither defendant Law Offices of James Edward Neyman, or defendants Edward Neyman, or defendant Richard Grossack, had any plans of ever compensating the plaintiff for unpaid wages exceeding over $ 130,000.**

- **That Neyman revealed he owes taxes to the Massachusetts Department of Revenue exceeding over $ 20,000;**
- **That six years ago defendant Neyman sold his home for over a million dollars, because he couldn't afford the mortgage payments of $ 3,000 a month;**
- **That Neyman revealed he owes taxes to the Massachusetts Department of Revenue exceeding over $ 20,000;**

[1] Defendant Neyman paid the plaintiff using several checks bearing the name of the defendant law firm, "James Neyman and Associates P.C. (three of which are attached an appended within the First Amended Complaint), yet Neyman still brazenly and falsely represents to the Boston Housing Court under oath, that he denies any employment relationship exists. These facts alone substantiate beyond a doubt, that defendant Neyman has no credibility compared to the plaintiff, who can back up all his allegations with supporting written documents.

- **That defendant Neyman revealed that despite owing $ 3,000 per month he rented a four-bedroom home for six years at the rate of $ 6,000 resulting in rental payments exceeding over $ 430,000; for six years of rent;**
- **That Neyman asked plaintiff for money.**
- **Neyman's own Accountant Leo Leydon and former Corporate Officer in year 2024; refused to send into Massachusetts Department of Revenue hardship request and that defendant Neyman requested plaintiff's assistance to locate and track down his own accountant who had neglected Neyman's own tax cases, and Neyman risked a lien on his Summer home, and loss of his driver's license, which plaintiff himself intervened and emailed and advocated for defendant Neyman to ensure no lien were placed on summer home, and that Neyman would lose his driver's license, (which were successful and positive according to defendant Grossack;**
- **That when plaintiff texted Neyman' accountant Leydon requesting that he return defendant Neyman's unanswered telephone messages, Leydon in violation of the Massachusetts criminal harassment statute, texted plaintiff three separate times, and telling plaintiff to "FUCK OFF" FUCK OFF, and FUCK YOU"**
- **That Neyman was sued by his landlord, Mario Cavino for unpaid rent exceeding over $ 20,000;**
- **That defendant Grossack knowing plaintiff has not been paid wages in the amount exceeding over $ 130,000, for over a year and a half, asked the plaintiff if he could loan defendant Neyman $ 8,000 to pay his overdue taxes;**
- **That defendant Neyman and Associates P.C., and defendant James E. Neyman face Grand Theft charges for failure to pay wages owed to plaintiff \;**

43. The plaintiff was employed at the rate of $ 100.00 per hour, and has been paid at this rate as evidenced by existing records of hour worked, and the rate of pay.

**DEFENDANT JAMES NEYMAN AND NEYMAN AND ASSOCIATES P.C. DESTROYED AND SABOTAGED FOUR DIFFERENT CASES HE IS HANDLING AND REPRESENTING THE PLAINTIFF, GREGORY LANGADINOS AND MUST BE HELD ACCOUNTABLE AND REIMBURSE THE PLANTIFF FOR LOST CLAIMS VALUED AT OVER NINE MILLION DOLLARS $ 9,000,000**

44. The plaintiff was hired in May of year 2024, and wrongfully and abruptly terminated, on November 7, 2025, when defendant Edward Neyman was appointed counsel by his Legal Malpractice insurance company PMA/Old Colony to represent him for the four separate cases, which defendant Neyman and Associates P.C. sabotaged and mishandled, and destroyed any

and all possibilities that plaintiff can still prevail on four cases destroyed by Neyman, because he allowed the statute of limitations to pass on two cases,, and failed to invoke and preserve the plaintiff's rights as tenant before the Boston Housing Court, whereby the plaintiff risks losing his rented apartment in Brookline, Massachusetts.

45. The fourth case, that defendant Neyman ad New and Associates P.C. destroyed, beyond repair is the Suffolk data breach case, in which Neyman wrote a 93A demand for damage to plaintiff's credit report, caused by Suffolk University's data breach, and once again, Neyman surpassed the six-month (6) statute of limitations to file a Title XI complaint with the U.S. Department of Education.

46. In violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000(e), as well as in violation of the Thirteenth Amendment's prohibition against involuntary servitude, the defendant James E. Neyman and Neyman an Associates P.C., knowing that (the Professional Corporation was broke and destitute); and that defendant Neyman couldn't even afford to pay his own mortgage, or rent, or income or property taxes to both Massachusetts Department of Revenue, and Federal IRS, still hired the plaintiff to work on numerous cases, without any intention to ever compensate him, and knowing that plaintiff suffers from Prostate Cancer, for which he is undergoing treatment.

47. This Honorable United States District Court has personal jurisdiction as well as subject matter jurisdiction over the three Massachusetts defendants, (Law Offices of James E. Neyman, and Attorneys James Edward Neyman, as well as Richard G. Grossack) because California Governor Newsom signed into law a bill which makes *intentional* "wage theft" by out of State employers, like defendant Neyman and Associates P.C., a form of grand theft and thus a felony in the state of California.

48. AB 1003 obviously ups the ante for employers when it comes to wage and hour compliance –defendant Neyman and Associates, face criminal charges and potential imprisonment for workplace law violations because AB 1003 statute took effect on January 1, 2022.

49. AB 1003 will make an employer's *intentional* wage theft of more than $950 from one employee, or $2,350 total from at least two employees, within a 12-month period, punishable as grand theft. This crime carries a potential prison sentence of up to three years. **Employees or the Labor Commissioner can also seek redress under this bill through civil action**

**(B). The Legal Malpractice, Breach of Fiduciary Duty, Breach of Contract, Negligence, claims for mishandling five (5) separate legal matters resulting in lost claims exceeding over Eight Million Dollars, $ 8,000,000 in value, including mold, and prostate cancer, surpassing statute of limitations on five separate claims, against five separate defendants**

**(C). VIOLATION OF FAIR HOUSING ACT; 42 U.S.C. § 3604(a) and 42 U.S.C. 3604 (f)(1)**

**50.** The plaintiff, Gregory Langadinos moved into a Choice Brand Hotel known as Everhome Corona in Corona, California on Friday January 13, 2023, and lived consecutively in the same Rented Unit until May 3, 2023 (110 consecutive which qualifies him to be a tenant). After 30 days of residing in a long-term extended stay Hotel, the plaintiff Hotel guests are automatically obtaining the status as lawful tenants, and defendant Choice and City of Corona, were required to exempt hotel taxes, which plaintiff was wrongfully expelled for acting a Whistleblower after he was taxed more than 30 days after becoming a lawful tenant.

**51.** Plaintiff had made a contract with the defendant Hotel Management and Consulting General Manager Tiffany Funches to reside in his rented unit for two and half years, and this written agreement was in writing.

**52.** After residing in his rented unit for over 30 days, on or about February 14, 2023, the Plaintiff wrote a formal letter to defendant HMC staff which operate and manage the defendant

Choice Hotel; d/b/a/ Everhome Corona to seek exemption from further taxes being charged in furtherance of written agreement that plaintiff would reside here for two and half years.

**53.** On March 13, 2023, plaintiff sent a formal written demand for compensation to defendant Hotel Managment Inc., seeking compensation for personal injury he suffered including secondhand smoke, severe emotional distress, anxiety, and exacerbation of mental anguish of mind plaintiff experienced while he awaited surgery for Prostate Cancer.

**54.** Defendant David Martin in his official capacity as CEO for defendant HMC, acknowledged the 30-day statutory demand that plaintiff send to the Human Resources director Jennifer Young by emailing others that plaintiff copied on his email containing the 30-day statutory demand and writing ***"what is this guy talking about."***

**55.** The plaintiff engaged in all the above outlined acts of protected activity during the months of February, March, and April of 2023. On April 4, 2023, defendant HMC's General Manager called the Corona Police on plaintiff and fabricated an entirely false story that plaintiff threatened her even though plaintiff emailed defendant HMC headquarters demanding she cease and desist from speaking to plaintiff.

**56.** The City of Corona Police expressly wrote in their Police Report that Plaintiff was a lawful tenant after 30 days, and therefore refused to remove the plaintiff, and defendant Corona Police stated to plaintiff "we do not believe the General Manager Tiffany Funches" and "she is not credible."

**COUNT ONE**
**VIOLATION OF FAIR HOUSING ACT; 42 U.S.C. 3604(a); "ENCOURGING, ASSISTING" DEFENDANT LANDLORD CHOICE HOTELS AND AFFILIATES BY USING DISCRIMINATING AGAINST PLAINTIFF, USING FORCE AND ENTERING PLAINTIFF'S RENTED UNIT WITHOUT HIS CONSENT OF TENANT IN LAWFUL POSSESSION**

57. The plaintiff restates and realleges all above paragraphs with the same force and affect.

58. On Monday April 4, 2023, two young untrained Corona Police Officers came to plaintiff's front door of his residence of room # 333 and began knocking very loudly and in violation of CA Penal Code 605.2 entered the plaintiff's rented unit and began searching his apartment and threatening him with arrest unless he moved out of his rented unit.

59. The plaintiff knowing that the Corona Police Officers were young and untrained asked for a Superior Officers to come to plaintiff's unit.

60. The three hotel defendants conspired with the Corona Police to wrongfully lockout and expel the plaintiff Gregory Langadinos without the use of the civil process or

61. The defendant Corona Police Officer's Grier and others Falsely imprisoned the plaintiff within his rented apartment and used unreasonable threats of arrest and conducted a search of plaintiff's rented apartment for which plaintiff was in lawful possession of by using forcible entry and detaining plaintiff in violation of (Cal. Civ. Code §§ 1159, 1160),

62. The defendant Choice/Everhome Corona, HMC, and Foothill Management owner of hotel company conspired with the Corona Police to wrongfully evict, and engage in retaliatory eviction acts in violation of (Cal. Civ. Code § 1942.5(h)),.

63. All of the named defendants engaged in illegal trespass, conversion, and violations and invasions of plaintiff' privacy, as well as an **illegal lockout** and interruption of utility services on April 27. 2023, in violation of (Cal. Civ. Code § 789.3), and breached the covenant of quiet enjoyment, breach of covenant of habitability against plaintiff.

64. All of the named defendants were required to following the defendant Choice Franchisor's procedures protecting hotel guests that become tenants after 30 days, and to prevent willful violations of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159;**

**789.3 (Penal Code 418).,** and civil conspiracy, and willful violations of the CA Consumer Legal Remedies Act.

## COUNT TWO
## 42 U.S.C. § 1985 (3) CIVIL CONSPIRACY BETWEEN DEFENDANT EVERHOME SUITES CORONA AND CHOICE HOTELS DEFENDANTS TO LOCKOUT AND REMOVE TENANT FROM RENTED APARTMENT ;(all three hotel defendants)

65. The plaintiff restates and realleges all the above paragraphs with the same force and affect.

66. Defendants and each of them having knowingly and willfully conspired and agreed among themselves to orchestrate, plan, and perpetuate, sought to and did succeed to enforce and actually enforce an array of illicit and illegal scheme devasting the peace and enjoyment of the plaintiff's living conditions and quiet enjoyment of his rented apartment that were illegal and in violation of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).,** in an effort to cheat the plaintiff from living in his rented home.

67. Defendant HMC officials, and defendant Choice/Everhome and Foothill Management officials, and each of them furthered the conspiracy by encouraging corrupt members of the Corona Police including Officers Grier and his partner and adopted and ratified and adopted abusive acts of Police misconduct to wrongfully expel the plaintiff from his rented apartment without proper legal process.

68 Defendants and each of them engaged in predicate acts described herein which were malicious and oppressed Plaintiff, knowing he suffers from Prostate Cancer. The plaintiff therefore seeks double and treble damages and exemplary damages, and punitive damages in the sum of FIVE MILLION DOLLARS; $ 5,000,000.

**COUNT THREE**
**VIOLATION OF 42 U.S.C. § 1981 ("Section 1981"): make and enforce a contract: NEYMAN AND ASSOCIATES, AND DEFENDANTS JAMES NEYMAN AND RICHARD GROSSACK**

**69.** Section 1981 states that "[a]ll persons ... have the same right ... to make and enforce contracts ... and to the full and equal benefit of all laws ... as is enjoyed by white citizens." 42 U.S.C. § 1981. "To state a claim pursuant to section 1981, a plaintiff must allege (1) the plaintiff is a member of a racial minority;(Greek American) (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute[ ]"—that is, the right to make and enforce a contract. *Keum v. Virgin Am., Inc.*, 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011).

70. Here, Plaintiff alleges that defendant's Neyman, Law Offices of James Neyman and Richard Grossack in his capacity as "Of Counsel" for defendant Law Offices of James E. Neyman in violation of section 1981, intentionally discriminated against the plaintiff on account of race," and gender); *see also Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, by refusing to fulfill contractual obligations to plaintiff as a client, and refusing to file the appropriate appeals, and objections to Magistrate Boal's Order, as well as Judge Fahey's Orders, planting evidence and conjuring up facts to label plaintiff as a Vexatious litigant, because Judge Giles who conspired with Judge Fahey was a Lesbian.

71. On October 26, 2025, the plaintiff received numerous text messages from defendant Grossack in October 2025, which stated, that plaintiff is not worthy of representation of his day in court, in the past, for appeals of Vexatious Orders, or

currently as a client of four cases, defendant Neyman is handling, ***"because "you're not a Jew"; you're not one of the chosen people like me and Jim Neyman."*** The plaintiff alleges facts that demonstrate that race was the reason for defendant Neyman and Associates actions, and defendant James E. Neyman enforce internal racist policies towards non-Jewish plaintiff Langadinos, who is of Greek origin.' " *Williams v. Tobener*, No. C 16-02209 SBA, 2016 WL 5235039, 2016 U.S. Dist. LEXIS 129931 (N.D. Cal. Sep. 22, 2016) "Plaintiff has pleaded non-conclusory factual allegations that provide a reasonable inference of discrimination based on his race"). This FAC contains numerous supporting facts supporting the inference that race motivated actions by defendants Neyman and Associates P.C., and defendant Neyman and Grossack.

**COUNT FOUR**

**UNLAWFUL LOCKOUT IN VIOLATION OF California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418); (all defendants)**

**72.** The plaintiff restates and realleges all the above paragraphs with the same force and affect.

**73.** The three hotel defendants conspired with the Corona Police to wrongfully lock out and expel the plaintiff Gregory Langadinos without the use of the civil process or

**74.** The defendant Corona Police Officer's Grier and others falsely imprisoned the plaintiff within his rented apartment and used unreasonable threats of arrest and conducted a search of plaintiff's rented apartment for which plaintiff was in lawful possession of by using forcible entry and detaining plaintiff in violation of (Cal. Civ. Code §§ 1159, 1160),

**75.** The defendant Choice/Everhome Corona, HMC, and Foothill Management owner of hotel company conspired with the Corona Police to wrongfully evict, and engage in retaliatory eviction acts in violation of (Cal. Civ. Code § 1942.5(h)),.

**76.** All the named defendants engaged in illegal trespass, conversion, and violations and invasions of plaintiff's privacy, as well as an **illegal lockout** and interruption of utility services on April 27. 2023, in violation of (Cal. Civ. Code § 789.3), and breached the covenant of quiet enjoyment, breach of covenant of habitability against plaintiff.

**77.** All the named defendants were required to following the defendant Choice Franchisor's procedures protecting hotel guests that become tenants after 30 days, and to prevent willful violations of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).,** and civil conspiracy, and willful violations of the CA Consumer Legal Remedies Act.

**78.** A California Appeals Court has held that a franchisor may be liable for punitive damages for the intentional tort of its franchisee. See Kuchta v Allied Builders Corp. 4th Dist 21 Cal App 3d 541, 98 Cal Rptr 588 (1971). The outrageous facts of this lawsuit warrant the imposition of punitive damages and treble damages against all three named defendants Hotel Franchisor and Franchisee, as well the three Massachusetts defendants Neyman and Associates and Neyman and Grossack.

**COUNT FIVE**

**EXTRINSIC FRAUD Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004); and in further violation of Massachusetts statute, (M.G.L. Chapter 260, § 12; which states; "If a fraudulently concealment by DEFENDANT NEYMAN AND ASSOCIATES P.C., AND JAMES E, NEYMAN, AND RICHARD GROSSACK OF TRUE REASONS THAT NEYMAN AND ASSOCIATES REFUSED TO APPEAL VEXATIOUS ORDERS, WAS BECAUSE JUDGE GILES WAS AN OPEN AND PROUD LESBIAN**

**79.** The plaintiff restates and realleges all above paragraphs with the same force and affect.

**80.** Defendant deliberately filed perjurious and false Sworn Affidavits with the Superior Court wrongfully accusing the plaintiff of being a Vexatious litigant, and not winning 5 lawsuits in last seven years, when plaintiff won and settled 10 lawsuits in seven years, and providing evidence of settlement checks.

**81.** Defendant Wasser fabricated facts to the Stanley Mosk Courthouse and requested that plaintiff be placed deemed a vexatious litigant, forcing plaintiff to file a voluntary dismissal, and furthermore, forcing plaintiff to be forced to appeal the wrongful and untruthful findings to the Court of Appeals Second Department.

**82.** Defendant Choice Hotels representations within publications, web sites, and advertisements that "we train our franchisees to do things the Choice way" were false in that said named hotel named defendants despicably knew that plaintiff is the victim of an illegal lockout and defendant Wasser, and CHOICE, as well as owners of Everhome Corona hotel all made conspired to intentionally interfere with plaintiff's right to access the State Court to redress grievances for illegal lockout.

**83.** Genuine issues of material fact exist as to defendant Choice Hotel franchisor's liability and Paladin Equity Capital LLC's negligence for investing and funding hotels to be constructed that were ultimately managed by corrupt and dubious hotel management companies that commit illegal criminal acts of unlawful eviction without civil process and illegal lockout of plaintiff, and other actions of franchisor and Hotel management company.

**84.** The Hotel was not run by an independent party, but rather under licensing agreements by defendant franchisors, Choice Hotels, and the franchisor advertised that its officials trained defendant franchisee and defendant hotel management company to run and operate hotel like a Choice Hotel. **<u>(See Exhibit "3"</u> defendant Choice Franchisor advertisements).**

**<u>COUNT SIX</u>**
**NEGLIGENCE; RESPONDEAT SUPERIOR VICARIOUS LIABILITY (against NEYMAN & ASSOCIATES), AND DEFENDANTS JAMES E. NEYMAN AND RICHARD G. GROSSACK)**

**85.** The plaintiff restates and realleges all above paragraphs with the same force and affect.

**86.** In this action the plaintiff was injured within the defendant franchise hotel Foothill Hotel Management LLC, who breathed second hand smoke and sought medical treatment, and the actions of the franchisee and hotel management company are imputed upon and properly brought against the defendant Choice franchisor, on the grounds of vicarious liability based on ostensible agency, because all three defendants acted in concert to further the operations of the defendant Everhome Corona Hotel, where plaintiff resided.

**87.** This plaintiff offers documentary evidence that she was harmed because of relying on the perceived fact that the franchisee was an agent of the franchisor, in all the following ways: (1). Reliance on emails that were sent to plaintiff directly from defendant Franchisor Choice, that franchisee is operated exactly as Choice Hotel; (2). Advertisements attached herein as Exhibits "4" promising plaintiff that defendant Choice has trained its franchisee Foothill and HMC, to operate according to defendant franchisor trademark; (3). Telephone conversations between plaintiff and defendant Choice franchisor that offered points to plaintiff for staying at the defendant franchisee Foothill hotel.

88. The plaintiff will establish that the defendant Choice Hotels' franchisor is liable for damages because the defendant franchisee owners and defendant management companies functioned as its actual agent, as demonstrated by the excessive control exercised by the defendant Choice franchisor over the franchisee's operation.

89. Terms of the franchise agreement requiring the franchisee to submit detailed weekly reports on its day-to-day operation to the franchisor, requiring the franchisor's approval of the furnishings and decorations of the studio, requiring the franchisee to pay into a fund managed and giving the franchisor the right to control the employment of all employees of the franchisee illustrate franchisor control arguably in excess of that required to protect its trademark. Alternatively, the attorney for the plaintiff can argue that the franchisee was the apparent agent

of the franchisor based on evidence showing that the franchisee held itself out as such in advertising, in the telephone directory, and by its other conduct without clearly and effectively notifying the public that it was an entity separate from the franchisor.

90. Here the facts include a key element of an agency relationship because of the existence of some measure of control by the defendant principal Choice Hotels over the activities of the agent, Franchisee Foothill Extended Stay Management LLC., and Hotel Management and Consulting because the agency relationship exists between the franchisor and the franchisee, where all reservations to stay at defendant Franchisee defendants must be made to defendant Franchisor Choice Hotels International, and solicitations to make reservations and accrue Choice Rewards for length of stay are all processed by defendant Franchisor Choice. As such the defendant Choice Franchisor is subject to liability for the acts of the franchisee within its actual or apparent authority.

91. The defendant Choice franchisor must therefore exercise sufficient control over the franchisee to protect the franchisor's most valuable asset— its trademark—**while at the same time foregoing that degree of control that will render it vicariously liable for acts or omissions of the franchisee**.

92. In addition to the actual and apparent agency, other theories of fixing liability on the franchisor, and thus reaching what is presumably a deeper pocket, include respondeat superior, and breach of an express or implied warranty. Choice of the appropriate legal theory will depend on the nature of the franchisor-franchisee relationship and the nature of the act or omission for which liability is sought to be attached.

**COUNT SEVEN**

**VIOLATION OF TITLE VII Civil Rights Act of 1964 § 706, 42 U.S.C.A. § 2000e-5(e)(1); DISCRIMINATION BASED ON GREEK RACE; AND ETHNICITY WRONGFUL TERMINATION; FAILURE TO PAY WAGES, DISCRIMINATION FAILURE TO READ AND EXPLAIN DECISISON; AND**

**VIOLATION OF California Labor Code, § 204, § 1194, § 1194.2 and § 1197 § (failure to pay wages); Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 226.7; Failure to Provide Accurate Itemized Wage Statements [Cal Lab Code § 226]; and Unfair Business and Professions [Cal. Bus. & Prof. Code §§ 17200, t seq.].**

**93.** The plaintiff restates and realleges all above paragraphs with the same force and affect.

94. To succeed on a hostile-work-environment claim, the plaintiff Californian employee of defendant Neyman and Associates P.C. must show (1) **that he was "subjected to verbal or physical conduct because of [his] race," (2) that the conduct was "unwelcome," and (3) that "the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment."** *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (internal quotation marks omitted). "'The working environment must both subjectively and objectively be perceived as abusive.'" *Id.* at 800 n.6 (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000)).

95. Here in the instant case, the defendant Richard Grossack on October 26, 2025, at 10:18 California time, wrote to plaintiff, and stated; "Jews are the chosen people."

96. When plaintiff called defendant Grossack he stated, that "you are not a Jew, you are not one of the chosen people, and that this office doesn't consider your life struggles worth fighting for."

97. The plaintiff told defendant Grossack, that he is owed over $ 130,000 for working on EEOC case, as well as the same case before the USDOE, Grossack, told plaintiff, "***You are not getting any wages, we don't owe you any accurate itemized wage statement, and we are not subject to California Labor laws.***"

98. On this record, a reasonable jury of plaintiff's peers could and would find that defendant Richard Grossack, created an objectively hostile-work environment, and defendant Grossack made intentionally **actionable** hostile-work environment.

99. The plaintiff suffers Prostate cancer and has suffered extreme emotional distress as s direct and proximate result of the egregious actions of defendants Grossack.

10. Defendant Neyman and Neyman Law, as well as their Accountant Leo Leydon who told also texted and wrote to plaintiff three times to tell him to "FUCK OFF" also created a hostile work environment.

**COUNT EIGHT**
**VIOLATION OF CALIFORNIA CONSUMER CIVIL REMEDIES ACT (CLRA); FAILURE OF DEFENDANT HMC TO RESPOND TO PLAINTIFF'S 30-DAY STATUTORY DEMAND (three hotel defendants)**

-

101. The plaintiff restates and realleges all the above paragraphs with the same force and affect.

102. The tenant purchased a reservation online within defendant CHOICE HOTELS web site, for months at a time to rent a Unit within the defendant Choice/Everhome Corona Hotel and was cheated out of his hotel stay, illegal locked out of his rented unit, and suffered personal injuries, and therefore has standing to bring this cause of action, as he is a consumer within the meaning of CA Civil Code §1761(d) identifying a consumer as "an individual who seeks or acquires by purchase of lease any goods or services for personal, family, or household purposes." See California Grocers Association v. Bank of America, 22 Cal. App. 4th 209 217 (1994)

103. Any consumer who suffers any damages because of the use of employment by any person of a method act, or practice declared to be unlawful by section 1770 of the CA Civil Code, may bring an action against that person or corporation to recover compensatory and other damages. See Cal. Civ. Code § 1780(a).

104. The plaintiff can establish causation because he meets the reliance standard to bridge the breach of statutory duty to a damage as plaintiff rented a Hotel room for two and half years, and became a lawful tenant after 30 days, whose taxes were exempted and listed as exempt within his Itinerary as plaintiff was illegal evicted within legal process and locked out of his rented unit after he sent a formal demand for compensation after he was injured in the hotel premises.

105. The plaintiff's formal demand was set to the defendant franchisee HMC, as well as defendant Everhome, and defendant Franchisor Choice Hotels demanding compensatory damages but none of the defendants ever wrote back in violation of the statutory requirement to respond to demand within 30 days or else face double or treble damages and attorney's fees.

106. As a direct and proximate result of all of the defendant's violation of CA Civil Code §§ 1750-1785, (30-day statutory demand); and willful failure of any defendant franchisor and franchisee to respond in further violation of the Choice Hotels CODE OF CONDUCT, (advertising that we follow the law); the plaintiff is entitled to double or treble damages and attorney's fees and all damages as this Honorable Court deems just and equitable.

**COUNT NINE**

**PREMISES LIABILITY/PERSONAL INJURIES (against hotel defendants)**

-

107. The plaintiff restates and realleges above paragraphs with the same force and affect.

108. On March 8, 2023, the plaintiff who suffers from severe obstructive sleep apnea was hospitalized for insomnia, lack of sleep, and according to medical records; plaintiff was in "State of emotional shock and stress" as a result of his "living environment" while residing within as a "current resident" within "Everhome Suites in Corona, CA" and patient "is having insomnia, anxiety, and stress."

109. As a direct and proximate result of the defendant Choice Hotels' and defendant Paladin Equity negligence in investing in construction projects and building Choice Hotels that are run and operated by criminal behaving degenerates that are wholly destitute of reasons and logic and common sense, and negligent failure to offer the necessary expert support, resources, and training to defendant "franchisees" and breach of defendant Choice Hotels promises to train and educate defendant franchisees HMC, and FOOTHILL EXENDED STAY, LLC, et al., and FOOTHILL EXTENDED STAY MANAGEMENT LLC; the defendant HMC Hotel management officials, caused the mistreated the plaintiff, and caused him to suffer bodily injuries from breathing second hand smoke, insomnia, lack of sleep illegal eviction without civil process and illegal lockout and numerous other claims for mental anguish for which plaintiff seeks reasonable compensation.

**110. WHEREFORE, the plaintiff seeks reasonable compensation after jury trial including special damages, punitive damages, and treble damages for violation of California Consumer Protection Act by all three (3) hotel defendants, who never responded to plaintiff's demands.**

## COUNT TEN
## VIOLATION OF CA CIVIL CODE 1940.2 WRONGFUL INTERFERENCE WITH PLAINTIFF'S RENTED APARTMENT ;(all defendants)

-

111. The plaintiff restates and realleges all above paragraphs with the same force and affect.

112. The three hotel defendants conspired with the Corona Police to wrongfully lock out and expel the plaintiff Gregory Langadinos without the use of the civil process or lawful purpose.

113. But for the fraudulent concealment of the failure of Neyman and Associates P.C., and defendant Neyman's failure to properly handle and appeal vexatious Orders of years 2012, and 2014, and failing to repay investment, financing, funding company back to make plaintiff believe he was financially enriched, when he will suffers decades of lost employment and

ability to rent apartments and hotel rooms, defendant Choice Hotels International and defendant Everhome Corona Hotel illegally evicted and illegally lockout plaintiff from his rented long term extended stay rented apartment and other despicable acts.

114. The defendant Choice Hotels, and defendant HMC and Foothill Management staff harassed the plaintiff on Monday April 4, 2023, and used unreasonable threats of arrest and conducted a search of plaintiff's rented apartment for which plaintiff was in lawful possession of by using forcible entry and detaining plaintiff in violation of (Cal. Civ. Code §§ 1159, 1160), which which never had occurred "but for" the breach of fiduciary duties, and Colossal domino effect resulting in the gigantic magnitude harm as a result of attorneys conduct and engaging in fraudulent concealment of failure to appeal years 2012, and 2014 vexatious Order by two corrupt and unhinged Massachusetts Judges, Giles and Fahey.

115. The defendant Choice/Everhome Corona, HMC, and Foothill Management owner of hotel company conspired with the Corona Police to wrongfully evict, and engage in retaliatory eviction acts in violation of (Cal. Civ. Code § 1942.5(h)),.

116. All of the named defendants engaged in illegal trespass, conversion, and violations and invasions of plaintiff' privacy, as well as an **illegal lockout** and interruption of utility services on April 27. 2023, in violation of (Cal. Civ. Code § 789.3), and breached the covenant of quiet enjoyment, breach of covenant of habitability against plaintiff.

**117.** All of the named defendants were required to following the defendant Choice Franchisor's procedures protecting hotel guests that become tenants after 30 days, and to prevent willful violations of **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).,** and civil conspiracy, and willful violations of the CA Consumer Legal Remedies Act.

**COUNT ELEVEN**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Balmoral Hotel Tenants Association v. Lee, 226 Cal App. 3d. 686, 276 Cal. Rptr., 640 (1990) ($ 1.48 Million awarded for Self Help acts of Landlord) (and against Neyman and Associates, defendants Neyman and Grossack)**

118. The plaintiff restates and realleges all the above paragraphs with the same force and affect.

119. On March 8, 2023, the plaintiff who suffers from severe obstructive sleep apnea was hospitalized for insomnia, lack of sleep, and according to medical records; plaintiff was in "State of emotional shock and stress" as a result of his "living environment" while residing within as a "current resident" within "Everhome Suites in Corona, CA" and patient "is having insomnia, anxiety, and stress."

120. As a direct and proximate result of the defendant Choice Hotels' negligent failure to offer the necessary expert support, resources, and training to defendant "franchisees" an breach of defendant Choice Hotels promises to train and educate defendant franchisees HMC, and FOOTHILL EXENDED STAY, LLC, et al., and FOOTHILL EXTENDED STAY MANAGEMENT LLC; the defendant HMC Hotel management officials, mistreated the plaintiff, and caused him to suffer bodily injuries from breathing second hand smoke, insomnia, lack of sleep and numerous other claims of mental anguish for which plaintiff seeks reasonable compensation.

121. The facts of this lawsuit establish that the defendant Choice Hotels franchisor had sufficient control and maintained command power, and authority over defendant franchisee's Foothill Extended Stay Management LLC, and HMC's franchise hotel property and daily operations to create duty of care as to franchisee's employees who viciously abused the plaintiff, evicted him, and locked him out of his rented apartment in violation of the defendant

Choice franchise agreement and that franchisor had control over terms and conditions of franchisee's employees, because the name on the property of the defendant franchisee's hotel, was the defendant franchisor's name and trademark, (Choice Hotels International, and Everhome Suites); which are the names of the defendant Franchisor and as such the defendant Franchisor did retain control over operation of franchisee defendants and franchisor's authority over franchisee was not limited to enforcing the uniformity of franchisor's "system" for operation of franchised hotels. Folsom v. Burger King, 135 Wash. 2d 658, 958 P.2d 301 (1998).

122. The actions of the defendant Choice Franchisor and two defendant franchisees Foothill Extended Stay Management and HMC, in exercising sufficient control over operation of the franchisee who evicted a disabled plaintiff and locked him out of his rented apartment are outrageous and beyond the human bounds of decency.

123. The actions of all defendants acting in concert with defendant Franchisor warrant imposing respondeat superior and/or vicarious liability defendant franchisees for actions of franchisee's employees who evicted plaintiff and locked him out of his rented apartment. **WHEREFORE**, plaintiff seeks reasonable compensation after jury trial including special damages, punitive damages, and treble damages for violation of California Consumer Protection Act by all three (3) hotel defendants, who never responded to plaintiff's demands for this Count alone.

**COUNT TWELVE**

**BREACH OF CONTRACT (three hotel defendants), and three Massachusetts defendants, Law firm, and defendant Massachusetts Attorneys Neyman and Grossack**

124. The plaintiff restates and realleges all the above paragraphs with the same force and affect.

125. The plaintiff entered into a contract with the defendant Franchisor Choice Hotels and paid for his reservations for several months at ss time, exceeding the 30-day time threshold and becoming a lawful tenant under California law.

126. Plaintiff booked his Reservation to live long term at the defendant Everhome Suites/Choice Hotel for two and a half years from January 13, 2023, through August 1, 2025.

127. Defendant Hotel Management and Consulting General Manager and other officials employed for defendant Foothill Extended Stay Management breached the contract to provide plaintiff a rented apartment for two and a half years by telling him;

*** "you are not allowed to reside this Hotel, because you are on the Internet as a Vexatious litigant"**

*** "Our hotel policies prohibit us from doing business with you."**

**128. In further breach of the written contract to rent the plaintiff an apartment within the defendant Franchisor Choice** defendants conspired together to unlawfully evict plaintiff and lock him out of his rented apartment in violation of numerous criminal and civil statutes;_ **California Civil Codes §§ 712.010; 715.010 et seq., and Civil Code §§ 1159; 789.3 (Penal Code 418).**

**129. But for the breach of contract by defendant Richard Grossack, and false advertisements by both Grossack and Neyman who has falsely represented to plaintiff for the last fifteen years that defendant Grossack represents Attorneys who face discipline before the Massachusetts Board of Bar Overseers, (which is a lie, and not true), the plaintiff was falsely led to believe that both he and defendant James Neyman were being honest, when it was represented to plaintiff in years 2013, and 2014, that his appeals were rejected by the Court, when defendant Neyman revealed in September 2025, that he**

**never appealed or took action on appeals because Judge Giles was an open and proud Lesbian.**

**130. Defendant Grossack falsely represented in telephone call and in writing in text messages, that he represents Attorneys before the Massachusetts Board of Bar Overseers who face discipline, in order to falsely be perceived that Grossack is an upstanding and honest attorney, because only an honest attorney would represent attorney before the Massachusetts Attorney Disciplinary Board.**

**131. Plaintiff seeks compensatory, double, and treble damages as well as Punitive damages in the amount of $ 4,000,000.**

**132. But for the scheme by James Neyman and Associates to defraud the Litigation Funding company, and failure to uphold the lien requiring repayment of the three different loans disbursed to Neyman and Associates originally totaling approximately $ 18,000, which ultimately exceeded over $ 50,000 including interest, defendant Neyman permitted the plaintiff to use this funding to pay him $ 7,000 to undertake and handle two different appeals both of the State Court Judgment as well as the Magistrate Order within 14 days pursuant to Fed.R.Civ.P, Rule 72(b), which Neyman never appealed, never handled and instead falsely represented to the plaintiff, that he was denied permission to undertake the appeals, which was and is a Lie.**

## VIII. DEFENDANT NEYMAN AND ASSOCIATES, AND DEFENDANT JAMES E. NEYMAN AND ASSOCIATES ACCEPTED MONEY TO HANDLE APPEALS OF TWO STATE COURT JUDGES CONSPIRACY TO DEFRAUD THE PLAINTIFF IN WRITTEN EMAILS DATED FEBRUARY 22, 2022, WHICH PLAINTIFF FIRST DISCOVERED ON JANUARY 24, 2014, IN OPEN COURT WHEN HE CONFROTNED CORRUPT MASSACHUSETTS JUDGE FAHEY FOR HER FRAUDULENT EMAIL SENT TO HER FROM JUDGE GILES, (THE COMMONWEALTH OF MASSACHUSETTS FIRST OPEN LESBIAN AND CORRUPT STATE JUDGE

133. Defendant Neyman[1] viciously and egregiously discriminated against the plaintiff, on the basis of his White Caucasian Race, Heterosexual sexual orientation, and Male, Gender in violation of 42 U.S.C. § 1981(b). because he entered a contract with plaintiff, and after he was paid $ 7,000 from borrowed litigation funding, to undertake the two appeals on behalf of plaintiff, Neyman learned that Judge Linda Giles is an open, homosexual, and who is the first Lesbian Judge in Massachusetts.

134. The rental properties the ordinance affected are all dwellings within the meaning of 42 U.S.C. § 3602(b). 71. **<u>The conduct of Defendants described above constitutes:</u>** a. A denial of housing or otherwise making housing unavailable because of race and national origin, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a); b. Discrimination in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race and national origin, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b); and c. Coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

135 The conduct of Defendants described above constitutes: a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, in violation of 42 U.S.C.§ 3614(a); and b. A denial to a group of persons of rights granted by the Fair Housing Act, which raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

136. Persons who were victims of Defendants' discriminatory practices, as well as individuals or entities that were injured by the discrimination against those victims, are aggrieved persons

---

**[1] Neyman would remind the plaintiff on a weekly basis, for months at a time, how Judge Linda Giles "didn't like me at all."**