**O**

# United States District Court
# Central District of California

| | |
|---|---|
| GREGORY LANGADINOS,<br>Plaintiff,<br>v.<br>CITY OF CORONA et al.,<br>Defendants. | Case № 5:25-cv-01064-ODW (ACCVx)<br><br>**ORDER GRANTING MOTION TO DISMISS [63]** |

## I. INTRODUCTION

Plaintiff Gregory Langadinos, proceeding pro se, brings nineteen causes of action against multiple defendants, including Defendants Old Republic International Corp. and Pennsylvania Manufacturers' Association Insurance Company ("PMA") (collectively, "Insurance Defendants"). (Second Am. Compl. ("SAC") ¶¶ 56–216, Dkt. No. 32.) Insurance Defendants now separately move to dismiss for lack of personal jurisdiction. (Insurance Defs.' Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 63.) For the following reasons, the Court **GRANTS** the Motion.[1]

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

As its name suggests, PMA is a Pennsylvania insurance company with a principal place of business in Pennsylvania. (Decl. Winston G. Collier ISO Mot. ("Collier Decl.") ¶ 4, Dkt. No. 63-2.) Though there are three levels of separation between the two entities, PMA is owned by Old Republic, a Delaware company with a principal place of business in Illinois. (*Id.* ¶¶ 5–6.)

PMA provides professional liability insurance for Defendant James E. Neyman & Associates P.C. ("Neyman Firm"). (*Id.* ¶ 3.) According to Langadinos, Neyman Firm committed malpractice when it represented him in several matters across the country.[2] (SAC ¶¶ 8, 32, 173–80.) As best the Court can tell, Langadinos alleges Insurance Defendants somehow participated in a conspiracy when they provided Neyman Firm with malpractice insurance. (*Id.* ¶¶ 89–115.) Langadinos also alleges that Insurance Defendants somehow discriminated against him by hiring a law firm to fight Langadinos's malpractice claims. (*Id.* ¶¶ 75–79.)

Based on these allegations, Langadinos brought nineteen causes of action against Defendants. (*Id.* ¶¶ 56–216.) Against Insurance Defendants specifically, Langadinos brings claims for (1) violation of 42 U.S.C. § 1981 (count two); (2) violation of and conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO") Act (counts four, five, and eighteen); (3) intentional and negligent infliction of emotional distress (count fourteen); (4) breach of contract (count seventeen); and (5) fraud (count nineteen). (*Id.* ¶¶ 65–79, 89–115, 183–88, 201–16.) Insurance Defendants now move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(2). (Mot. 1–2.)

## III. LEGAL STANDARD

Federal courts have the power to exercise personal jurisdiction to the extent permitted by the laws of the states in which they sit. Fed. R. Civ. P. 4(k)(1)(A).

[2] Neyman Firm and several other defendants also move to dismiss based on lack of personal jurisdiction. (Law Firm Defs.' Mot. Dismiss, Dkt. No. 56.) The Court has taken their motion under submission and will rule on the motion in a separate order.

"California's long-arm jurisdictional statute is coextensive with federal due process requirements." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004); *see* Cal. Civ. Proc. Code § 410.10. When this is the case, the court inquires whether the defendant "ha[s] certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

When a defendant seeks dismissal under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where, as here, a motion to dismiss for lack of personal jurisdiction is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). However, the plaintiff cannot "simply rest on the bare allegations of its complaint." *Schwarzenegger*, 374 F.3d at 800. The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit, but factual conflicts between dueling affidavits must be resolved in the plaintiff's favor." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021) (citation modified). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

## IV. DISCUSSION

A non-resident defendant may be subject to either general or specific personal jurisdiction. *FDIC v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). Langadinos does not seriously dispute that the Court lacks general personal jurisdiction over Insurance Defendants. (*See generally* Opp'n, Dkt. No. 77 (discussing only specific jurisdiction).) Indeed, general personal jurisdiction would be

improper against Insurance Defendants because neither are California citizens. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."). Thus, the Court focuses only on whether it may exercise specific personal jurisdiction over Insurance Defendants.

To determine whether a defendant's contacts with the forum state are sufficient to render the exercise of specific jurisdiction reasonable, the Ninth Circuit applies a three-prong test: (a) the nonresident defendant purposefully directs activities or consummates some transaction with the forum-state, or performs some act by which he personally avails himself of the privilege of conducting activities in that forum; (b) the claim arises out of or relates to the defendant's forum-related activities; and (c) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, it is reasonable. *Schwarzenegger*, 374 F.3d at 802. The party asserting jurisdiction, Langadinos here, bears the burden of satisfying the first two prongs of this test. *Id.* Once they have done so, the burden shifts to the party contesting jurisdiction, Insurance Defendants here, to establish that the third prong—reasonableness—has not been satisfied. *Id.*

In assessing the first prong of the specific jurisdiction test, courts distinguish between contract and tort cases. *See Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991). Here, Langadinos asserts mostly tort claims against Insurance Defendants and only one contract claim. (SAC ¶¶ 65–79, 89–115, 183–88, 201–16.) As an initial matter though, the Court sua sponte finds that Langadinos fails to state a breach of contract claim against Insurance Defendants. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). Langadinos's single allegation against Insurance Defendants is that he entered into a contract with a PMA manager when the manager "promised that he would engage in Fair Dealing in compliance with

Defendant Old Republic's CODE OF CONDUCT." (SAC ¶ 205.) It is hopefully self-explanatory that a business's internal code of conduct is not a bilateral contract. *See* Cal. Civ. Code § 1550 ("It is essential to the existence of a contract that there should be . . . consent . . . and [a] sufficient cause or consideration."). As Langadinos's breach of contract claim is implausible, the Court sua sponte **DISMISSES** Langadinos's seventeenth cause of action as pleaded against Insurance Defendants, leaving only tort claims remaining.

For claims sounding in tort, courts apply a "purposeful direction" test and look to "evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802–03). Thus, the first prong of specific personal jurisdiction, purposeful direction, is satisfied when the plaintiff demonstrates the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). This inquiry ensures that defendants are not "haled into court based upon 'random, fortuitous, or attenuated' contacts with the forum state." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Langadinos makes four relevant factual allegations: (1) Insurance Defendants' provided malpractice insurance to Neyman Firm, whose attorneys ultimately practiced in California; (2) PMA has two offices in California; (3) Insurance Defendants provided Langadinos, a California citizen, with a $2,905 check; and (4) Insurance Defendants' employee, Frank English, spoke with Langadinos over the phone with regards to Langadinos's malpractice claim. (Opp'n 6–10.) The first fact cannot help demonstrate purposeful direction: Langadinos does not demonstrate that Insurance Defendants knew Neyman Firm's attorneys would practice in California, and thus, he

cannot demonstrate that Insurance Defendants knew any related harm would likely "be suffered in the forum state." *Dole Food*, 303 F.3d at 1111.

However, PMA's California offices do support a finding of purposeful direction. Generally, courts regard maintaining offices in a forum state as sufficient to satisfy the purposeful direction test. *See, e.g.*, *Kaplan v. Int'l Data Grp., Inc.*, No. 2:15-cv-00406-DSF (MANx), 2015 WL 12806463, at *3 (C.D. Cal. Mar. 17, 2015) (finding a defendant purposefully directed its activities at California as it maintained an office in California). Thus, the Court finds that Langadinos demonstrates PMA purposefully directed actions at California.

But Langadinos cannot rely on PMA's offices in the second prong of the specific jurisdiction analysis, the question of whether his claims arise from Insurance Defendants' forum-related activities. A plaintiff's claims are related to defendant's forum-related activities "if, but for a defendant's forum-related activities through which a defendant purposely avails itself of the forum, the plaintiff would not have suffered injury." *Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1204 (C.D. Cal. 2000) (citation modified) (citing *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995)). Here, Langadinos does not attempt to demonstrate that his claims are somehow connected to PMA's two California offices. Thus, PMA's offices cannot support Langadinos's jurisdictional argument.

Unable to rely on PMA's California offices, Langadinos is left with two remaining facts—Insurance Defendants' check to Langadinos and Insurance Defendants' employee's conversation with Langadinos. However, neither of these facts support specific jurisdiction. Langadinos does not demonstrate how sending a check can possibly have caused him harm for purposes of purposeful availment. *Dole Food*, 303 F.3d at 1111. Moreover, Langadinos's conversation with Insurance Defendants' employee is only relevant to Langadinos's breach of contract claim, and as the Court sua sponte dismisses it, it cannot arise out of or be related to Langadinos's existing claims. In any event, the Supreme Court noted in *Walden v.*

*Fiore*, "the plaintiff cannot be the only link between the defendant and the forum." 571 U.S. 277, 285 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."). And the common factor between Insurance Defendants sending a check to Langadinos and Insurance Defendants' employee conversing with Langadinos is that both involve PMA's links with Langadinos. Those two facts alone cannot, as a matter of law, sustain specific jurisdiction over Langadinos.

Accordingly, the Court finds it lacks personal jurisdiction over Insurance Defendants and **DISMISSES** Insurance Defendants. Furthermore, because Langadinos does not ask for jurisdictional discovery, and because his papers lack any indication that could suggest Insurance Defendants may be subject to this Court's personal jurisdiction, dismissal is **WITHOUT LEAVE TO AMEND**. *See Gordon v. APM Terminals N. Am., Inc.*, No. 17-cv-03970-MEJ, 2017 WL 3838092, at *7 (N.D. Cal. Sept. 1, 2017) (dismissing without leave to amend where plaintiff "does not request an opportunity to conduct jurisdictional discovery" and "nothing in the record indicates [p]laintiff might be able to allege or prove additional facts establishing personal jurisdiction").

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Insurance Defendants' Motion and **DISMISSES** Old Republic International and PMA **WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE**. (Dkt. No. 63.)

**IT IS SO ORDERED.**

September 28, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**